CASE 103—ACTION BY BERNARD PELZER AGAINST SOUTH COVINGTON & CIN. STREET RY. CO. TO RECOVER DAMAGES FOR PERSONAL INJURIES.—MARCH 13, 1897.

# South Covington & Cincinnati Street Ry. Co. v. Pelzer.

### APPEAL FROM CAMPBELL CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS.   AFFIRMED.

EVIDENCE—COLLISION WITH WAGON—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS—EXCESSIVE DAMAGES.

Held:   1. In an action for injuries caused by the collision of a wagon with a street car, defendant's witnesses testified to a mark or indentation on the street car, No. 35, where the wheel of plaintiff's wagon struck the car in the collision. HELD, that evidence of witnesses who had examined a car of defendant's, of the same number, and that no such indentation as that testified to was on it, was admissible in rebuttal, though the examination was made a year after the accident.

2. In an action for injuries received in a collision with a street car, an instruction that "if the street car ran into plaintiff's wagon as it was being driven off the track the jury will find for plaintiff, but if the collision resulted from the wagon running towards the street car while the wagon was completely off the track and thereby came in contact with the car, the jury will find for the defendant," was proper.

3. There can be no contributory negligence on the part of a plaintiff except where there has been negligence on the part of the defendant.  Contributory negligence exists only when the negligence of both parties has combined and concurred in producing the injury.  There being nothing in the testimony, in this case, tending to establish such a condition, an instruction on contributory negligence was properly refused.

4. The verdict of the jury awarding $2,000 damages for the breaking of appellee's leg, being supported by ample evidence, was not excessive.

SIMRALL & GALVIN, ATTORNEYS FOR APPELLANT.

The plaintiff, an infant sixteen years of age, who sues by his father and next friend, alleges that while driving a wagon

across the central bridge from Newport, Kentucky, to Cincinnati, Ohio, his wagon was, run into by a car of defendant by the negligent, careless and reckless manner in which it was operated by defendant's servant in charge thereof, by which plaintiff was thrown to the floor of the bridge and his leg broken.

The defendant not only denied all negligence and carelessness, but denied that its car ran into the wagon, and alleged that plaintiff's injury was caused wholly by his own negligence in driving his horse and wagon in the regular driveway on said bridge built for and set apart by the corporation owning and controlling it for the use of wagons, and while defendant's car was on the track set apart for the use of its cars on the bridge, there being ample room for its passage without danger of collision, the plaintiff negligently, carelessly and recklessly pulled his horse towards said car and ran the wagon against the side of the car and thereby caused the horse to run away and break the wagon and throw plaintiff on the bridge and injure him.

The jury returned a verdict for plaintiff for $2,000 damages, from which this appeal is prosecuted.

We claim the court committed numerous errors on the trial, the most glaring of which we will discuss.

1. The court erred in permitting two of plaintiff's counsel to testify in rebuttal about their examination and inspection of a car more than a year after the accident.

2. The court erred in the instructions given to the jury, and in refusing to give instructions asked for by appellant.

3. That the judgment is against the evidence and is excessive.

1. We submit that the fact that these expert lawyers examined a car, No. 35, which was the number of the car in the collision, fifteen months after the accident, that was running on defendant's road, was not competent evidence to go to the jury, the presumption being that the mark or indentation made thereon by the wagon had long since been removed.

2. Instructions. We submit that the defendant was entitled to an instruction on contributory negligence, especially when the instruction is so framed as to say to the jury that the plaintiff was guilty of contributory negligence of such a character as that the injuries would not have occurred without it, in which case their verdict must be for defendant, which instruction was refused.

The instruction given by the court does not involve the finding of any negligence on the part of defendant, nor does it consider any question of contributory negligence on the part of plaintiff.

The error of the learned judge arose, it seems to us, from

South Covington & Cin. Street Ry. Co. v. Pelzer.

his desire and attempt, in instructing juries, to put the whole case in a nut shell, but the trouble is that his nut shells are too small.

HORACE W. ROOT AND R. C. TAYLOR, FOR APPELLEE.

1. We submit that a reading of the record shows that the verdict of the jury is supported, by the evidence and that appellant's theory of the way the accident occurred is not only improbable, but impossible.

2. Excessive Verdict. Considering all the facts proven and that the jury saw appellee's broken and enlarged ankle joint, and are the best judges as to what sum of money would compensate him for his great physical and mental suffering, his disfigurement, his decreased capacity for labor, and that the injury is a permanent one, the verdict for $2,000 is not excessive.

3. Instructions. It will appear that a clear cut issue was made by the pleadings as to whether the horse and wagon plaintiff was driving, was at the time of the accident inside of the car track on which the car was running, or was outside and a safe distance therefrom. The instruction given by the court submitted this issue in plain language to the jury and no other instructions were necessary.

4. Identification of Car. The evidence introduced by plaintiff as to the absence of marks on the car examined, was competent in rebuttal, because if it had been repaired or the marks obliterated the appellant could easily have shown it.

5. Contributory negligence must be made out by showing not only that plaintiff was guilty of negligence, but that it cooperated with defendant's negligence to produce the injury.

## LIST OF CASES CITED.

Duncan v. Finnyhorn, Sneed, 262; Taylor v. Giger, Hardin, 595; Worford v. Isbel, 1 Bibb, 247; Worth v. Cates, 2 Bibb, 591; Bacon v. Brown, 4 Bibb, 92; Craig v. Elliott, 4 Bibb, 272; Kountz v. Brown, 16 B. M., 577; D. L. & N. T. R. Co. v. Stewart, 2 Met., 119; M. & L. R. R. Co. v. Herrick, 13 Bush, 122; Sherley v. Billings, 8 Bush, 147; L. & N. R. R. Co. v. Brooks, 83 Ky., 129; C. & N. R. R. Co. v. Harlan, 12 Ky. Law Rep., 506; L. B. Co. v. Nolan, 13 Ky. Law Rep., 493; L. & N. R. R. Co. v. Moore, 83 Ky. Law Rep., 675; Sedgwick on Damages, 6th ed., 762 to 764, sec. 602; 21 Am. & Eng. Ency. of Law, note 5, p. 107; McLeod v. Ginther, 80 Ky., 399; Hooker v. Chicago R. R. Co., 76 Wis., 542; Sherley v. Billings, 8 Bush, 147; Am. & Eng. R. R. Cas., 498; Hanover v. Coyle, 55 Pa. St., 396; Irishman v. City R. Co., 24 Atl. Rep., 596; Central P. R. Co. v. Chatterson, 14

Ky. Law Rep., 665; Louisville & P. L. Co. v. Murphy, 9 Bush,
533; Calkins v. Bayer, 44 Baab, 424; Clarke v. Foote, 8 Johns.,
421; Dolfinger & Co. v. Fishback, 12 Bush, 478; Clarke v.
Baker, 7 J. J. Mar., 197; Central Passenger Ry. Co. v. Chatter-
son, 17 R., 5.

This case was originally marked not to be reported, and was
recently ordered to be reported.—REPORTER.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

The plaintiff below and the appellee here filed his peti-
tion in the Campbell circuit court on the 10th of March,
1894, alleging that on the 14th day of March, 1893, while
driving a horse attached to a wagon over the central rail-
way bridge, from the city of Newport to Cincinnati, a car
belonging to defendant, while running over said bridge in
the same direction, was operated by the employes of said
company in such a negligent and reckless manner that said
car ran against the wagon driven by the plaintiff, with great
violence, forcing the wagon and horse to one side, break-
ing the wagon and throwing the plaintiff on the floor of the
bridge so as to break his leg and to inflict on him very
serious injuries, from which he was confined for at least
five months thereafter.

The defendant, in its answer, denied all negligence and
carelessness, and, in fact, all the affirmative allegations of
plaintiff's petition, and alleged in a second paragraph that
if the plaintiff received all the injuries complained of by
him, same were caused and received wholly, and through,
and by reason of his own negligence and carelessness, in
that plaintiff was driving a horse and wagon in the regular
driveway on the bridge built and set apart by the corpora-
tion for the use of wagons and teams, and that when the
car of defendant was on the track set apart for the use of
cars, and when said car was almost past said horse and

wagon then being driven by plaintiff, and there being at the time ample room for its passage without collision, plaintiff carelessly and negligently and recklessly pulled his' horse toward the car, and ran the wagon against the side of the car, and thereby caused the horse to break loose from the wagon, and that plaintiff was pulled from the wagon by the horse and thrown upon the floor of the bridge, by which he received the injuries complained of.

There was a reply denying the allegations of the second paragraph. The plaintiff and his witnesses proved the facts of the collision substantially as charged in the petition, whilst the defendant, on the other hand, by the conductor and motorman proved the collision to have occurred substantially as charged in the answer. The jury returned a verdict of $2,000 in favor of plaintiff, upon which judgment was entered, and this appeal is prosecuted to reverse that judgment. A number of errors are assigned by appellant. The first is, that the court erred in permitting the two attorneys of plaintiff to testify in rebuttal about their examination and inspection of a car belonging to appellant, more than a year after the accident; second, error in refusing instructions asked by appellant; third, errors in instructions given by the court; fourth, that the judgment was against the law and evidence.

It had been developed in the evidence of the employes of defendant that the car which was involved in the collision was a closed winter car of large size, No. 35, and the motorman and conductor testified that right in the center of the car, over the figures 35—which was the number of the car—there was a mark or indentation showing where the wheel of the wagon driven by appellee had struck. This fact was testified to by a number of witnesses for appellant. The testimony complained of was to the effect that

the witnesses had examined a car, numbered 35, of the same general description as that which was proven to have collided with the wagon of plaintiff, and marked in the same way and running over the same lines, and that no such indentation as testified to by the witnesses for appellant were on the sides of the car. These witnesses, it is true, did not positively identify the car as the identical one which was being operated at the date of the collision, but it seems to us that this is circumstantial evidence admissible to go to the jury as rebutting testimony. Certainly it was very easy for the company, with the motorman and conductor both testifying at the trial, to have shown that it was not the same car, or that the indentation had been removed, if such had been the fact.

2. As to the instructions given by the court: By instruction No. 1 the jury is told that if they believe from the evidence that the collision between the wagon driven by plaintiff and the defendant's car occurred by the said car running into the wagon as it was being driven off the track on which the car was running, they will find for the plaintiff. And by the second paragraph of the instruction they were told that if they find from the evidence that the said wagon was completely off the tracks, and the collision resulted from the wagon running towards the car and coming in contact with it, they will find for defendant. It seems to us that this instruction gives, in the language of the learned counsel for appellant, in a nutshell, the whole law of the case.

The plaintiff and defendant have two distinct and independent theories, which are contradictory in themselves, as to the manner in which the accident occurred, and each supports its contention by evidence which is as conflicting as the theories on which they proceed. If appellee is right,

South Covington & Cin. Street Ry. Co. v. Pelzer.

that the collision occurred by the car running into the wagon as it was being driven off the track, they are clearly liable, because the testimony of appellant clearly shows that they were in plain view of the wagon driven by the appellee, and that he saw the boy sitting in the wagon, and that he rang the gong once or twice when the car was twenty-five or thirty feet back of the wagon. He says: "I never noticed him looking round; I caught him sudden." It is evident that if the car struck the wagon as it was being driven off the track of the railway, it was a case of pure negligence on the part of appellant, which authorized the instruction to find for plaintiff. If, on the other hand, the wagon was not on the railway track at all, but was on the wagon road between the railway tracks on the bridge, and the collision occurred, as proven by the testimony of the defendant, by driving the wagon against the car when they were both traveling in the same direction, it was wholly the fault of plaintiff, and the agents of the defendant who were operating the said car could have done nothing to have avoided the accident, and the defendant in that state of case was entitled to an instruction to find for it.

The instruction, in apt and pointed language, submits to the jury for their determination the question of fact upon which the right of recovery turned. We do not think that the law of contributory negligence applies in this case, "as there can be no contributory negligence on the part of the plaintiff except where there has been negligence on the part of the defendant. Contributory negligence exists only when the negligence of both parties has combined and concurred in producing the injury." There is nothing in the testimony either of plaintiff or defendant tending to establish this condition. The instructions asked for by the defendant, and overruled by the court, are all based upon this idea of con-

890          KENTUCKY REPORTS.          [Vol. 115

tributory negligence, and, while most of them are right as
abstract propositions of law, they were properly overruled
in this case, as there was no evidence on which to base
them. As to the contention of the appellant, that the judg-
ment was against the evidence, it has been frequently de-
cided by this court that a verdict of a properly instructed
jury will not be set aside upon a finding of fact, unless it
is flagrantly against the weight of evidence. If the testi-
mony of appellee is true, and the jury seem to have so found,
we think that the verdict was amply supported by the proof,
and that damage given was not excessive. Wherefore the
judgment is affirmed.

Petition for rehearing by appellant overruled.