## Fogarty's Admr. v. Bates & Rogers Construction Company, et al.

### (Decided June 4, 1918.)

### Appeal from Mason Circuit Court.

1. Appeal and Error—Removal of Causes—Insufficiency of Bond—Insufficiency of Verification of Petition for Removal—Necessity of Specific Objection—Waiver—Order of Removal—Reversal.—The insufficiency of the bond and of the verification of the petition for removal cannot be raised by general demurrer to the petition for removal, but only by specific objection pointing out wherein the bond and verification were defective, and where such defects are not specifically pointed out in the circuit court, they will be deemed to have been waived and will furnish no ground for a reversal of the order of removal.

2. Master and Servant—Action for Death—Foreign Corporation—Joinder of Resident Defendants—Sufficiency of Petition as to Resident Defendants.—Where in an action for death alleged to have been caused by the joint and concurrent negligence of a nonresident corporation and certain resident servants, the only allegation of negligence respecting the local servants was that they carelessly and negligently failed to supply a sufficient number of men to do the work, the petition did not state a cause of action against the local defendants, it not being alleged that they had authority to employ other men or that other men employed by the master were available for the service and that it was the duty of the local defendants to see that a sufficient number of men were engaged in the work.

3.  Removal of Causes—Diversity of Citizenship—Foreign Corpora-
    tion—Joinder of Resident Servants—Insufficiency of Petition as
    to Local Defendants—Effect.—Where in an action for death
    against a foreign corporation and certain resident servants no
    cause of action was stated against the local defendants, the
    cause was properly removed.

ALLEN D. COLE and H. W. COLE for appellant.

STANLEY F. REED and FRED FORCHT for appellees.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COM-
MISSIONER—Affirming.

William Fogarty's administrator brought this suit
in the Mason circuit court against the Bates & Rogers
Construction Company, an Illinois corporation, Robert
Irvine and Richard Ellis, to recover damages in the sum
of $50,000.00 for his death.  The Bates & Rogers Con-
struction Company filed a petition and bond for removal
to the United States District Court for the Eastern
District of Kentucky on the ground of separable con-
troversy and fraudulent joinder.  The order of trans-
fer was made and plaintiff appeals.

It appears that the bond was executed by the Bates
& Rogers Construction Company by S. F. Reed, attor-
ney, and by S. F. Reed individually. It further appears
that the petition for removal was verified as follows:

"I, Stanley F. Reed, being duly sworn, do say that I
am the attorney for the petitioner in the above entitled
case; that I have read the foregoing petition and know
the contents thereof; that the statements of the allega-
tions therein contained are true as I firmly believe."

The plaintiff filed the following demurrer to the pe-
tition for a removal:

"The plaintiff, the Equitable Trust Co., of Dover,
Ky., as administrator of William Fogarty, deceased,
demurs to the petition for removal filed herein, because
the same does not state facts sufficient to authorize
this court to surrender jurisdiction or to enable the
United States District Court for the Eastern District
of Kentucky to assume jurisdiction of this action and
also for other reasons appearing on the face of the pe-
tition."

The point is made that the bond was insufficient
because the authority of Reed, who signed the bond on
behalf of defendant, did not appear, and because the

statutes of Kentucky prohibit an attorney from becoming surety on such a bond. The point is also made that the verification by Reed was insufficient because he did not show in his affidavit that he was an officer or agent of the defendant or that the defendant had no officer or agent in the county in which the action was brought or was pending. Sub-section 2, section 117, Civil Code. In response to these contentions it is sufficient to say that in the case of Herron's Admr. v. Bates & Rogers Construction Co., 180 Ky. 851, this day decided, we held that neither the insufficiency of the bond nor the insufficiency of the verification could be raised by a general demurrer such as was filed by plaintiff in this case, but only by specific objection pointing out wherein the bond and verification were defective, and that where such defects were not specifically pointed out in the circuit court, they will be deemed to have been waived, and will furnish no ground for a reversal of the order of removal

It appears from the petition of the administrator that Fogarty, who was in the employ of the Bates & Rogers Construction Company and was engaged in carrying heavy timbers, became prostrated from the heat and died because he was not given proper hospital and medical treatment to which he was entitled under his contract of employment. It is charged in substance that Fogarty was inexperienced and the defendant failed to warn and instruct him of the danger. It is further alleged that he was engaged under the directions of the defendant, and especially under the directions of the defendants, Robert Irvine and Richard Ellis, who were his bosses or superintendents, and that the defendant corporation and its co-defendants, Robert Irvine and Richard Ellis, carelessly and negligently failed to supply a sufficient number of men to do the work. It is also alleged that the place where he was required to work was dangerous and unsafe, and because of such labor he became prostrated from the heat and from dilation of the heart and that his condition was such as to require the immediate services of a physician as well as the comforts, conveniences and necessities of a hospital, and that the defendant, its agents and servants, failed to furnish him speedy and adequate medical attention, and that if such attention had been given him he would not have died. It will be observed that the several acts of negligence relied on are: (1) failure to warn, (2) failure to furnish

sufficient number of men to do the work, (3) failure to furnish a safe place for work, (4) failure to furnish proper medical and hospital attention. The only negligence, however, charged against the local defendants is their failure to furnish a sufficient number of men to do the work. It is not charged that the local defendants had authority to employ other men, or that other men employed by the master were available for the service, and that the local defendants were charged with the duty of seeing that a sufficient number of men were engaged in the work. For aught that appears in the petition these duties may have devolved upon someone else. Therefore the mere allegation that they negligently failed to furnish a sufficient number of men to do the work is not sufficient to state a cause of action against them. Since plaintiff is a resident of Kentucky and the removing defendant is a resident of Illinois, and no joint cause of action was stated against the removing defendant and the resident defendants it necessarily follows that the petition for removal was properly granted. C. N. O. & T. P. Ry. Co. v. Robertson, 115 Ky. 888, 74 S. W. 1061; Davis' Admr. v. C. & O. Ry. Co., 116 Ky. 114, 75 S. W. 275.

Judgment affirmed.