## Herron's Admr. v. Bates & Rogers Construction Co.

(Decided June 4, 1918.)

### Appeal from Mason Circuit Court.

1. Removal of Causes—Insufficient Execution of Bond—How Question May be Raised.—The insufficient execution of a bond for removal can be raised in the state court by a general demurrer to the petition for removal, but only by a specific objection pointing out wherein the bond was defective.

2. Appeal and Error—Removal of Causes—Defective Bond—Failure to Make Specific Objection—Waiver—Reversal.—Where the question of the insufficient execution of a bond for removal is not raised by specific objection, the defect in the bond, if any, will be deemed to have been waived and can not be relied upon in the court of appeals as a ground for reversing the order of removal.

3. Removal of Causes—Verification of Petition for Removal—How Want of Proper Verification May be Raised.—Want of proper

verification of the petition for removal can not be raised by general demurrer to the petition, but only by motion or other form of specific objection.

4. Appeal and Error—Removal of Causes—Want of Proper Verification of Petition for Removal—Waiver—Reversal.—Where want of proper verification of the petition for removal is not raised by motion or other form of specific objection, any defect in the verification will be deemed to have been waived and will not furnish ground for a reversal of the order of removal.

ALLEN D. COLE and H. W. COLE for appellant.

STANLEY F. REED and FRED FORCHT for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

Thomas Herron's administrator brought this suit in the Mason circuit court against the Bates & Rogers Construction Company, an Illinois corporation, to recover damages in the sum of $50,000.00 for his death. The defendant filed its petition and bond for the removal of the cause to the United States District Court for the Eastern District of Kentucky, on the ground of diversity of citizenship. The bond was executed by the Bates & Rogers Construction Company as principal with Stanley F. Reed as surety, and was signed as follows: "Bates & Rogers Construction Company, By S. F. Reed, attorney, S. F. Reed."

The verification of the petition was as follows:

"I, Stanley F. Reed, being duly sworn, do say that I am the attorney for the petitioner in the above entitled case; that I have read the foregoing petition and know the contents therein contained are true as I firmly believe."

Plaintiff filed the following demurrer to the petition:

"The plaintiff, the Equitable Trust Company, of Dover, Ky., as administrator of Thomas Herron, deceased, demurs to the petition for removal filed herein, because the same does not state facts sufficient to authorize this court to surrender jurisdiction or to enable the United States District Court for the Eastern District of Kentucky to assume jurisdiction of this action and also for other reasons appearing on the face of the petition."

An order was entered approving the bond and removing the case. From that order this appeal is prosecuted.

The action of the Mason circuit court is challenged on the ground that both the bond and verification were insufficient.  The point is made that Reed exhibited no authority to execute the bond on behalf of the defendant, and on the further ground that the Kentucky Statutes prohibit an attorney-at-law from becoming surety for his client.  The verification is attacked on the ground that defendant's attorney was not an officer or agent of the corporation and therefore had no authority to verify the petition unless it appeared from his affidavit that the defendant corporation had no officer or agent residing in the county in which the action was brought or was pending.  Sub-section 2, section 117, Civil Code.

We deem it unnecessary to determine whether the bond was properly executed or not.  Plaintiff merely filed a general demurrer to the petition for removal on the ground that it did not state facts sufficient to authorize a change of jurisdiction, "and also for other reasons appearing on the face of the petition."  The bond was in no sense a part of the petition and the demurrer to the petition did not raise the question of the insufficiency of the bond.  Had plaintiff desired to raise the point that the bond was not properly executed, he should have done so by a specific objection pointing out wherein the bond was defective.  Had this been done it is fair to suppose that the defendant would have filed another bond curing the alleged defect or that the court would have refused to surrender its jurisdiction of the case.  Miller v. Soule, et al., 221 Fed. 493.  Having failed to do so the alleged defect will be deemed to have been waived and can not be relied upon in this court as a ground for reversing the order of removal.

Whether the verification of the petition for removal was sufficient we also deem it unnecessary to decide. The want of proper verification can not be raised by general demurrer.  It can only be raised by motion or other form of specific objection.  Since the question was not properly raised in circuit court, any defect in the verification will be deemed to have been waived and will not furnish ground for a reversal of the order of removal.

Judgment affirmed.