**TOADVINE v. CINCINNATI, N. O. & T. P. RY. CO. et al.**

No. 891.

District Court, E. D. Kentucky.

Aug. 5, 1937.

Jay W. Harlan, of Danville, Ky., for plaintiff.

Nelson D. Rodes, of Danville, Ky., for defendants.

FORD, District Judge.

This case was removed to this court from the circuit court of Boyle county, Kentucky and is now submitted upon the plaintiff's motion to remand.

The only question for determination is whether, under the law of Kentucky, the plaintiff's petition states facts sufficient to constitute a joint cause of action against the railroad company, a nonresident corporation, and its codefendant, Poss Mc-Cowan, one of its employees, who is a resident of the state.

The rule seems to be clearly established that where the plaintiff brings a suit in a state court against a resident and a nonresident defendant, which presents a matter in controversy exceeding in value the sum of $3,000, exclusive of interest and costs, the case is removable by appropriate action on the part of the nonresident defendant if the plaintiff's petition fails to state a cause of action against the resident defendant. The joinder of a resident defendant against whom no cause of action is stated will be regarded as a fraudulent joinder for the purpose of defeating the jurisdiction of the federal court, and such improper joinder will be ineffective to prevent the removal of a case otherwise removable upon the ground of diversity of citizenship as authorized by the provisions of the federal statutes governing the removal of causes. Wecker v. National Enameling & Stamping Co., 204 U.S. 176, 27 S.Ct. 184, 51 L.Ed. 430, 9 Ann.Cas. 757; Leonard v. St. Joseph Lead Co., 75 F.(2d) 390 (C.C.A.8); and Hancock v. Missouri-Kansas-Texas R. Co. (D.C.) 28 F.(2d) 45.

An essential ingredient in any conception of actionable negligence is the violation of some legal duty. Where there is no legal duty, there can be no actionable negligence. "It is firmly settled that, in order to maintain an action for injury to person or property by reason of negligence or want of due care, there must be shown to be existing some obligation or duty towards the plaintiff, which the defendant has disregarded or violated. This is the basis on which the cause of action must rest. There can be no fault or negligence or breach of duty where there is no act or service or contract which the party is bound to perform." Crane Elevator Co. v. Lippert, 63 F. 942, 945 (C.C.A.7).

In National Sav. Bank v. Ward, 100 U. S. 195, 202, 25 L.Ed. 621, the Supreme Court said: "* * * the limit of the doctrine relating to actionable negligence * * * is, that the person occasioning the loss must owe a duty, arising from contract or otherwise, to the person sustaining such loss."

The right of recovery afforded by the law for losses occasioned by negligence is necessarily limited to those losses which occur in the breach of a legal duty and not for the failure to observe moral or humane obligations. Such limitation is necessary to restrain the law's remedies from being pushed to an impracticable extreme. "There would be no bounds to actions and litigious intricacies if the ill effects of the negligence of men may be followed down the chain of results to the final effect." National Sav. Bank v. Ward, supra.

The term "legal duty" has been defined to be "that which the law requires to be done or forborne to a determinate person, or to the public at large, and as correlative to a right vested in such determinate person or the public at large." Whart.Neg. (2d Ed.) § 24.

The petition in this case states that the death of the plaintiff's intestate, for which recovery is sought, "was caused by and due to the joint negligence of the defendant railway company in failing to provide and maintain a reasonably safe crossing over and across its tracks for the use of the public; to the negligence of the servants and employees of the defendant railway company in running said train at said time and place at a reckless rate of speed through an incorporated town; to its servant's negligence in failing to give warning of its approach; and to the negligence of the defendant railway company's agents and servants in failing to stop the said train

after the discovery of the peril of the decedent or by their failure to exercise ordinary care to discover said peril."

The only facts set out in the petition with reference to the resident defendant Poss McCowan are:

"Plaintiff states that the defendant, Poss McCowan, is a servant, agent and employee of said railway corporation, being employed by same to operate a signal tower at the inter-section of the defendant's railroad lines and those of the Louisville and Nashville Railway Company at Junction City, Kentucky. * * * .

"He further states that the defendant, Poss McCowan, who was then and there in the tower at the aforesaid intersection, which tower is within a short distance of said crossing, and was at said time and place, performing his duties as an agent and servant of said railway company as tower operator, knew, or by the exercise of ordinary care, could have known that the automobile occupied by the decedent was stalled upon said crossing and could not be driven therefrom. That the said defendant and servant of his co-defendant then knew, or by the exercise of ordinary care, could have known the perilous position in which his intestate had been placed by virtue of the unsafe condition of said crossing. That the said defendant, McCowan, had at his command electrical and mechanical signal devices with which he could have stopped the said train by the exercise of ordinary care prior to its striking said automobile, but that he negligently failed to exercise such care or to take any steps to prevent the collision."

It is not alleged that the resident defendant, Poss McCowan, by reason of his employment or otherwise, was legally obligated to perform any duty with respect to providing or maintaining a reasonably safe crossing for use of the public; that he had any connection with regulating the speed of the train; that he was required to keep a lookout or to give warning to travelers of its approach, or to exercise any care whatever to discover peril to persons using the highway crossing. So far as shown by the petition, the only duties exercised or owing by the resident defendant Poss McCowan, under his employment, were in connection with the operation of the facilities of the signal tower by which he controlled or regulated the crossing of the trains of the defendant railway company over the tracks of the Louisville & Nashville Railroad Company at the point where the respective railroad tracks of the companies intersected.

The mere fact that the tower in which McCowan performed his particular duties was located near the highway crossing at which the plaintiff's intestate was killed did not enlarge the scope of McCowan's employment, nor impose upon him the duties of a watchman for the protection of travelers upon the highway.

In the case of Haynes' Adm'rs v. Cincinnati, N. O. & T. P. R. Co., 145 Ky. 209, 216, 140 S.W. 176, 179, Ann.Cas.1913B, 719, the Kentucky Court of Appeals said: "It is the fact that the servant is guilty of a wrongful or negligent act amounting to a breach of duty that he, owes to the injured person that makes him liable."

To hold the servant answerable for the delinquency or wrongdoing of the master or his other employees in respect to matters in connection with which he was chargeable with no duty would be to thrust upon him responsibilities which he did not assume in accepting the employment. "To hold him liable in this state of case would be to hold that every servant is personally charged with the same liability as his master. * * * Such a rule would be unreasonable. Its obvious injustice necessarily condemns it, and makes it impossible of acceptance." Cincinnati, N. O. & T. P. R. Co. v. Robertson, 115 Ky. 858, 861, 74 S.W. 1061, 1062.

Testing the petition by the law of the state, as announced by its highest court in Cincinnati, N. O. & T. P. R. Co. v. Robertson, supra, Dudley v. Illinois Central R. Co., 127 Ky. 221, 96 S.W. 835, 13 L.R.A. (N.S.) 1186, 128 Am.St.Rep. 335, Haynes' Adm'rs v. Cincinnati, N. O. & T. P. R. Co., supra, and Fogarty's Adm'r v. Bates & Rogers Construction Co., 180 Ky. 848, 203 S.W. 720, it fails to show any reasonable or colorable grounds for asserting any right to recovery from or any cause of action against the resident defendant Poss McCowan.

Obviously, the claim of joint liability under the allegations of the petition is specious and unsound, and hence the joinder of the resident defendant does not preclude the nonresident defendant from exercising its right of removal.

Let an order be entered overruling the motion to remand.