SLOAN v. SEABOARD & ROANOKE RY. CO.

1. PLEADINGS—NEGLIGENCE—JURY.—Where two or more acts of negligence are alleged as contributing to an injury, the plaintiff may submit his whole case to jury under allegations of one cause of action without election.

2. A DEMURRER cannot be interposed to one portion of a complaint stating only one cause of action.

Before GAGE, J., Abbeville, February, 1902. Reversed.

Action by Thomas Sloan against Seaboard and Roanoke Railway Co., Raleigh and Gaston Railway Co., as lessees of the Georgia, Carolina and Northern Railway Co., and the latter company. From order sustaining in part demurrer, both parties appeal.

*Mr. Wm. N. Graydon,* for plaintiff, cites: *Error to sustain demurrer to part of complaint:* 44 S. C., 143; 57 S. C., 502. *Allegations as to defective appliances should not have been stricken out:* Code, 1902, 186a; 58 S. C., 226; 57 S. C., 234; 61 S. C., 184; 60 S. C., 48; 55 S. C., 90; 56 S. C., 446.

*Mr. Wm. P. Greene,* for defendants, cites: *Complaint must show that negligence complained of must either have caused or contributed to plaintiff's injury as a proximate cause:* 21 S. C., 466; 56 S. C., 92; 58 S. C., 491; Thomp. on Neg., 1066. *Previous to Con. of 1895, brakeman and engineer were fellow-servants:* 40 S. C., 105; 39 S. C., 507. *And such is rule except as modified by Con., art. IX., sec. 15:* 56 S. C., 455; 58 S. C., 495.

*Mr. J. L. Glenn,* also for defendants, cites: *Complaint must show that negligence was proximate cause of injury:* 58 S. C., 493. *What is not the law of fellow-servants?* Art. IX., sec. 15, Con.; 25 S. C., 135; 42 S. C., 47; 56 S. C., 455.

July 5, 1902. The opinion of the Court was delivered by

MR. JUSTICE POPE. Both parties to this action being dissatisfied with the order made by his Honor, Judge Gage, in passing upon the demurrer interposed by the defendants to the complaint, that said complaint failed to state facts sufficient to constitute a cause of action, have appealed from said order. The complaint, so far as its first, second and third paragraphs are concerned, stated the residence of the plaintiff and the acts of incorporation of the defendant railways, the first two of whom are alleged to be controlling and operating the last, the Georgia, Carolina and Northern Railway, in this State. The other paragraphs are as follows:

"IV. That on the first day of April, 1901, the plaintiff was in the employ of the defendants in the mechanical department of the said defendants, at their shops in the city of Abbeville, S. C., and was under the direction and control of the officers of said defendants, and it was a part of the plaintiff's duty to assist in moving cars from one part of the yard to another part when ordered by those in authority.

"V. That on the first day of April, 1901, the plaintiff was ordered by one of the officers of said defendants to assist the switch engineer to move a car box from one part of the yard to another, and in pursuance of said order plaintiff went between the car he was ordered to move and the car attached to the engine, and opened the knuckle of the car he was ordered to assist in moving, and signed the engineer to come back and make the coupling. The engineer attempted to make the coupling, but owing to the fact that said coupling was defective, the pin in the said coupling or draw-head being broken, said coupling failed to work and the cars would not couple together, but impelled by the force with

which the engine ran against the car, the said car ran down the track and was about to run off the switch. The plaintiff then waived the engineer to stop, and went after the car to apply the brake and keep said car from running off the switch. When plaintiff was about half way across said track of said railroad, the engineer carelessly, negligently and with great force, disregarding his duty in the premises and well knowing the dangerous position in which plaintiff was, unless he stopped said engine, ran said engine back with great force and violence, pinned plaintiff between said cars, dislocated his hip, bruised him internally, and inflicted great and permanent injury upon the plaintiff.

"VI. That by reason of the defective machinery as aforesaid and the careless, reckless and negligent conduct of the engineer operating said switch engine, this plaintiff was mashed, bruised, his hip dislocated, was made ill and sick, was compelled to walk on crutches for three months, lost his employment, for which he was receiving $23 per month, suffered great pain, and has been permanently and seriously disabled, to his damage $2,000.

"VII. That by reason of the carelessness and the negligence of the defendants in attempting to move a car with a broken and defective coupling or draw-head, and by reason of the carelessness and negligence of the defendants' engineer in operating said switch engine, the plaintiff herein was injured in the manner and by the means hereinabove set forth, to the damage of the plaintiff in the sum of $2,000."

The demurrer was as follows: "Upon the call of the case for trial, the defendants' attorneys interposed an oral demurrer to the complaint for the reason that it did not state facts sufficient to constitute a cause of action, in that the complaint showed on its face that the defective appliances of the defendant, alleged and set forth in the complaint, did not contribute to the injury of the plaintiff as a proximate cause, and that it further appears, from the face of the complaint, that the alleged injuries of the plaintiff were the result of the negligence of a fellow-servant of the plaintiff engaged

in the same work on the same train of cars, which fellow-servant was not plaintiff's superior officer or the agent of the defendants, and he had no control over nor direction of the plaintiff at the time of the alleged negligence, which grounds of demurrer were taken down by the stenographer."

After argument, the Circuit Judge passed this order: "The defendants in this case having interposed a demurrer to the plaintiff's complaint on the ground that it does not state facts sufficient to constitute a cause of action, in that the complaint shows on its face that the alleged defects in the defendants' appliances were not a proximate cause of the plaintiff's alleged injuries, and in that the complaint shows on its face that the alleged injuries were the result of the negligence of a fellow-servant of the plaintiff, engaged in the same work on the same train of cars, which fellow-servant was not plaintiff's superior officer or the agent of the defendants, and who had no control over or direction of the plaintiff at the time of the alleged negligence. After argument of counsel, I hold that so much of the demurrer as relates to the alleged defects in defendants' appliances should be sustained; and that so much thereof as relates to the negligence of the fellow-servant be overruled; my ruling being that the question whether one party sustains to another the relation of fellow-servant is a mixed question of law and fact, which must be settled by the verdict of the jury."

Plaintiff's exceptions were as follows:

"1. Because his Honor erred in sustaining so much of defendants' demurrer as related to the defective appliances, it being respectfully submitted that a plaintiff has the right, under the act of 1898, now sec. 186a of the Code of Civil Procedure, to set out as many causes of action as he pleases, and cannot be required to elect on which he shall go to trial, but shall have the right to submit his whole case to the jury, under the instruction of the Court.

"2. Because the demurrer having been interposed as a whole, his Honor should have overruled the demurrer, as said demurrer was on the ground that the complaint failed

to state facts sufficient to constitute a cause of action; and if the complaint stated any cause of action, the entire demurrer should have been overruled.

"3. Because under sec. 186a of the Code of Procedure, the defect in the machinery having been stated in the complaint as contributing to the injury, it was error in his Honor to sustain a demurrer to it."

Defendants' exceptions are as follows:

"I. Because his Honor should have held that the complaint shows on its face that the alleged injuries of the plaintiff were the result of the negligence of a fellow-servant of the plaintiff engaged in the same work on the same train of cars, which fellow-servant was not plaintiff's superior officer, or the agent of the defendants, and who had no control over nor direction of the plaintiff at the time of the alleged negligences resulting in the alleged injuries; and should have held, therefore, that the complaint stated no cause of action against the defendants, and should have sustained the demurrer and dismissed the complaint.

"II. Because his Honor erred in holding that the question of fellow-servant is a mixed question of law and fact to be passed upon by a jury, and in overruling the demurrer on that point, when he should have held that it was first for the Court to say from the facts alleged in the complaint whether one party bears to another the relation of fellow-servant, and that it is further for the Court to say, as a matter of law, whether under the given state of facts (the allegations of the complaint) a cause of action was stated, or whether any negligence is alleged for which the defendants are liable.

"III. Because the allegations of the complaint in this case show that the injuries received by the plaintiff were the result of the negligence of the defendants' switch engineer, who was engaged in the same department of work as the plaintiff and upon the same train of cars, and that the said switch engineer was not plaintiff's superior officer, nor the agent of the defendants, but that he was operating the said

engine and train of cars under the direction of the plaintiff and had no control over nor direction of the plaintiff, and his Honor should have concluded, as a matter of law, that the switch engineer was the plaintiff's fellow-servant, for whose negligence the defendants were in no wise responsible to the plaintiff, that he should, therefore, have sustained the demurrer and dismissed the complaint."

We will first in order dispose of plaintiff's exceptions. *First.* We think this ground of exception well taken. Even before the act of 1898, now sec. 186a of our Code of Civil Procedure, this Court had pointed out, in *Mew* v. *Railway Co.,* 55 S. C., 97, 32 S. E. R., 828, that when the allegations of the complaint show co-operating causes leading to the result instead of any cause sufficient of itself to produce the result, such acts of negligence might very properly have all been alleged in a single cause of action. "It was only when the alleged acts of negligence were distinct and independent, and capable severally of producing the result complained of, that it was necessary, previous to the act (1898), that each of said acts of negligence should be stated as a separate cause of action. But where the act complained of is the resultant of several co-operative acts of negligence, manifestly the cause of action is single." In the complaint at bar, the resultant is the injury to the plaintiff; the co-operating causes thereof are the defective appliances of defendants for coupling the cars in question, *and* the defective car put in motion thereby, *and* the failure of switching engineer to heed the signals of plaintiff to stop his engine, and the reckless disregard of his signal by the engineer, by carelessly, negligently, with great force driving his engine against the car, thereby injuring the plaintiff. It is true, the Circuit Judge regarded that there were two causes of action thus stated in the complaint. However, the act of 1898, now sec. 186a of our Code, is as follows: "That in all cases where two or more acts of negligence or other wrongs are set forth in the complaint as causing or contributing to the injury for which such suit is

brought, the party in such suit shall not be required to elect upon which he shall go to trial, but shall be entitled to submit his whole case to the jury under the instructions of the Court, and to recover such damages as he has sustained, whether such damages arose from one or another, or all such acts or wrongs alleged in the complaint." And from the terms therein employed seem to have changed what had been the practice in the Circuit Courts as recognized by this Court. It has been held that in those cases where confessedly two causes of action are stated, this new act requires that both causes shall be submitted to the jury. See *Bowen* v. *Railway Co.,* 58 S. C., 226, where the Court held: "The acts of negligence alleged are: 1st. Failure to comply with the statutory requirements as to signals. 2d. 'Causing the said locomotive and train of cars to approach the plaintiff without warning and unexpectedly to him, and at a rapid and high rate of speed.' The plaintiff, under the act of 1898, 22 Stat., 693, entitled 'An act to regulate the practice in the Courts of this State in actions *ex delicto* for damages,' had the right to submit to the jury both acts of alleged negligence." See, also, *Glover* v. *Ry. Co.,* 57 S. C., 234; *Proctor* v. *Ry. Co.,* 61 S. C., 184; *Appleby* v. *So. Ry. Co.,* 60 S. C., 48. This exception is sustained.

We must sustain the second exception. The demurrer was to the whole complaint, for its failure to state a cause of action. The Circuit Judge overruled the demurrer to a part of the complaint and sustained it as to a part. Under exception one we have held that the complaint only stated one cause of action. Such being the case, under the authority of *Buist* v. *Salvo,* 44 S. C., 143, 21 S. E. R., 615; *Lawson* v. *Gee,* 57 S. C., 502, it was not in the power of the Circuit Judge to sustain a demurrer to a part of the allegations of a complaint setting out a single cause of action. The Code provides a different remedy. In *Buist* v. *Salvo, supra,* this Court held: "A demurrer cannot be sustained which is good only as to some of the paragraphs of the complaint. A demurrer to be well taken must be inter-

posed to the whole complaint or to one of its causes of action, but objection to irrelevant paragraphs should be by motion, under sec. 181 of Code." This exception is sustained.

*Third.* This exception must be sustained by reason of the views already herein expressed in passing upon exceptions *one* and *two.*

Let us now consider the three exceptions presented by the defendant. *First.* Inasmuch as this exception deals with only that part of plaintiff's complaint relating to the engineer of defendants' train, which we have already held was only *one* of the co-operating causes contributing to plaintiff's injuries, and as we have also held, under the authority of *Buist* v. *Salvo, supra,* and *Lawson* v. *Gee, supra,* that a demurrer could not be sustained as to part of one cause of action, this exception is overruled. *Second.* The foregoing holdings compel us to overrule this exception. *Third.* We must overrule this exception, in view of our holding already announced in this case.

It is the judgment of this Court, that so much of the Circuit Court judgment as is affected by plaintiff's exception be overruled and reversed, and that so much of the judgment of the Circuit Court judgment as is covered by the exceptions of defendants be affirmed.