### 10570

#### CABE, ADMX., v. LIGON *ET AL.*

#### (105 S. E. 739.)

1. ACTION—COMPLAINT HELD ONE IN TORT AND NOT IN CONTRACT.— Allegations of negligence, wilfulness, wantonness, and recklessness in an action for personal injury and death of plaintiff's intestate are appropriate to an action *ex delicto,* and allegations as to a contract between the intestate and one of defendants merely preliminary to the action for tort do not make it an action for breach of contract and subject to an objection as not showing contract relations between intestate and one of defendants.

2. EXPLOSIVES—PARTIES OWING THE SAME DUTY MAY BE JOINTLY LIABLE. —In an action for the death of plaintiff's intestate against one furnishing oil and the oil company from which such one purchased, complaint *held* not subject to demurrer for failure to show concerted action, collusion, or conspiracy to establish joint liability.

3. EXPLOSIVES—COMPLAINT FOR DEATH WHILE KINDLING FIRE WITH KEROSENE HELD NOT DEMURRABLE.—Whether the use of kerosene oil in kindling a fire constitutes negligence as a matter of law depends upon the facts of the particular case, and a complaint for death from explosion under such circumstances of oil supplied by defendants is not demurrable where it does not show intestate guilty of contributory negligence proximately causing the injury.

4. PLEADING—DEMURRER TO COMPLAINT WILL NOT LIE FOR FAILURE TO
   ALLEGE MATTERS OF DEFENSE.—In an action for damages for the
   death of plaintiff's intestate alleged to have been caused by defective
   oil sold by defendants, a demurrer to the complaint as failing to
   allege that defendants did not comply with acts of 1913 regulating
   the test and sale of oils is not well taken; such matter being available
   only as a defense.

Before MEMMINGER, J., Anderson, April term, 1920.
Appeal dismissed.

Action by Mrs. A. A. Cabe, as Admx. of Marinda Brad-
ley, deceased, against R. S. Ligon *et al.*, partners as Ligon
& Ledbetter, and the Petroleum Oil Co.  From order over-
ruling demurrer to the complaint, the defendants appeal.

*Messrs. John K. Hood* and *Bonham & Allen,* for appel-
lants, cite:  *Action was one ex contractu*: 108 S. C. 72; 21
Enc. P. & P. 659; *Ib.* 650; Bliss Code Pl., sec. 153; 78 S. C.
163. *Act makes distinction between illuminating and heat-
ing oils*: 28 Stats. 204.  *No tort at hands of Petroleum Oil
Co.:* 70 S. C. 117.  *To do a thing that is obviously danger-
ous is negligence*: 94 S. C. 258; 56 S. C. 94; 94 S. C. 143;
110 S. C. 331; 111  S. C.  387.  *Contributory negligence
would bar recovery:* 73 S. C. 257; 111 S. C. 420.

*Messrs. Dickson & Miller* and *A. H. Dagnall,* for respond-
ent, cite: *Purchaser of article has right of action against
original vendee:* 57 Am. Dec. 455 (N. Y.).  *Who, as a
seller of a dangerous article, is liable for damages to any one
who bought it, without notice of danger:* 92 Am. Dec. 768;
104 Mass. 64; 212 U. S. 159; 53 L. Ed. 453; 164 N. W.
668; 24 L. R. A. 679; 39 L. R. A. 607; 15 L. R. A. 818; *Ib.*
821; 31 L. R. A. 220; 22 Ann. Cas. 625; 110 N. W. 20;
264 Fed. 829; 222 S. W. 5.  *As to joint tort:* 38 Cyc. 483.
*Where there is breach of common duty there is a joint and
several liability*: 85 Pac. 230; 6 R. C. L. 765; 88 C. C. A.

633; 95 S. C. 126; 67 S. C. 514. · *Distinction as to several liability:* 38 Cyc. 484, 487; 92 S. C. 568. *Use of kerosene in kindling fires is not per se negligence:* 110 N. W. 20; 212 U. S. 159; 264 Fed. 829; 164 N. W. 668; Ann. Cas. 1912, 625; 170 Pac. 983; 170 Pac. 172; 164 N. W. 169; 110 N. W. 24; 123 N. W. 992; 222 S. W. 5.

January 31, 1921.

The opinion of the Court was delivered by Mr. CHIEF JUSTICE GARY.

The following statement appears in the record:

"This is an action for damages for the death of respondent's intestate, caused by an explosion of oil when she attempted to make a fire therewith, and which was purchased from the firm of Ligon & Ledbetter, who had, in turn, purchased same from Petroleum Oil Company, as is alleged, and that her death was caused by the joint, concurrent, and several negligence of the appellants, as a result of the sale to her by the firm of Ligon & Ledbetter of defective oil, and which in turn had been purchased by the firm of Ligon & Ledbetter from Petroleum Oil Company.

"The amended complaint was served March 18, 1920, and each of the appellants demurred thereto for failure to state a cause of action as to each of them, as well as collectively, on six grounds, but insisted on only the first, second, third, and sixth grounds thereof on the hearing before Judge Memminger at the April term of Court for Anderson county, who overruled same on the ground that the complaint was not demurrable on these several grounds. Each defendant demurred separately, but on the same grounds."

The appeal involves the first, second, third and sixth grounds of demurrer, which are as follows:

"1. Because it appears from the complaint that the cause of action is based on the breach of an alleged contract between plaintiff's intestate, Mrs. Marinda Bradley, and said Ligon & Ledbetter, and there is no allegation that Petroleum Oil Company was in any manner a party thereto.

"2. Because it appears on the face of the complaint that there is no joint liability of the defendants, Ligon & Ledbetter Company and Petroleum Oil Company, because there is no allegation in the complaint, nor intimation therein, that these defendants acted in concert, or collusion, or through any conspiracy or agreement, or other allegations, which, if true, would show joint liability.

"3. Because it appears on the face of the complaint that the approximate cause of the accident, and without which it would not have occurred, was the negligence or contributory negligence, of plaintiff's intestate, who poured the oil on the fire which caused the explosion from which she suffered injury."

"6. Because the act of the General Assembly approved —— day of ——, 1913, regulating the sale, inspection, analysis, and test of oils, etc., provides that the act shall not apply to the retail dealer unless such retail dealer shall sell or offer to sell oils of a manufacturer, wholesaler, or jobber who refuses to comply with the provisions of the act, and there is no allegation in the complaint that Petroleum Oil Company had refused to comply with the provisions of the act."

No reasons were assigned by his Honor, the Circuit Judge, in overruling the grounds of demurrer. We will consider them in regular order.

First ground: The complaint alleges negligence, wilfulness, wantonness, and recklessness. These are appropriate

to an action arising *ex delicto,* and the context of the complaint shows that the allegations as to a contract were merely preliminary to the action for tort. *Pickens v. Ry.,* 54 S. C. 498, 32 S. E. 567; *Hellams v. Tel. Co.,* 70 S. C. 83, 49 S. E. 12; *Harrison v. Tel. Co.,* 71 S. C. 386, 51 S. E. 119.

Second ground: So far as concerns the number of individuals who may be held responsible, torts are either single or joint. The class· within which a particular instance of wrongdoing may be placed depends in general, not upon the inherent nature of the tort itself, but upon the method of its accomplishment, for nearly every tort is susceptible of commission by one or many. Where different persons owe the same duty, and their acts naturally tend to the same breach of that duty, the wrong may be regarded as joint, and both may be held liable." 38 Cyc. 483.

"Where, although concert is lacking,· the separate. and independent acts, or negligence of several combine to produce directly a single injury, each is responsible for the entire result, even though his act or neglect alone, might not have caused it. It has been said that to make tort feasors liable jointly, there must be some sort of community in the wrongdoing, and the injury must be due in some way to their joint work, but it is not necessary that there be acting together or in concert, if their concurring negligence occasions the injury." 38 Cyc. 488, 489.

To the same effect are the principles announced in *Matthews v. Ry.,* 67 S. C. 499, 46 S. E. 335, 65 L. R. A. 286.

Third ground: Whether the use of kerosene oil in kindling a fire constitutes negligence as matter of law depends upon

the facts of the particular case. The facts alleged in this case do not show that the defendant was guilty of negligence *per se.* *Waters-Pierce Oil Co. v. Deselmes,* 212 U. S. 159, 29 Sup. Ct. 270, 53 L. Ed. 453.

Fourth ground: The facts upon which the appellants rely can be interposed only by way of defense.

Appeal dismissed.

MR. JUSTICE GAGE did not participate in this case, being absent on account of sickness.