## No. 10857

### BRICE & CO. v. BANK OF COLUMBIA *ET AL.*

#### (111 S. E. 885)

1. PLEADING—AMENDED COMPLAINT HELD TO CONFORM TO ORDER DIRECTING SEPARATE STATEMENT OF CAUSES OF ACTION.—In an action to recover demurrage loss on a carload of oats, where seller directed C. Bank to order its correspondent bank to return a draft and deliver the bill of lading, and C. Bank sent an unconfirmed telegram, collect, which correspondent bank refused to receive, and the telegraph company failed to notify C. Bank of its failure to deliver the telegram, an amended complaint alleging the negligence of each bank and the telegraph company and their joint negligence conformed to an order directing that causes of action be separately stated.

2. ACTION—COMPLAINT ALLEGING SEVERAL AND JOINT NEGLIGENCE OF DEFENDANTS HELD NOT MISJOINDER OF CAUSES OF ACTION—In an action to recover demurrage loss on a carload of oats, where seller directed C. Bank to order its corresponding bank to return a draft, and deliver the bill of lading, and C. Bank sent an unconfirmed telegram, collect, which correspondent bank re-

7 S. C.—119

fused to receive, and the telegraph company failed to notify C. Bank of its failure to deliver the telegram, a complaint alleging the negligence of each bank and the telegraph company, and their joint negligence, is not defective for misjoinder of causes; there being concurrent negligence of the three defendants.

Before WHALEY, J., County Court, Richland, April, 1921. Affirmed.

Action by T. L. Brice & Co. against The Bank of Columbia, Western Union Telegraph Co. and The First National Bank of Florence. From an order overruling motion to strike out the amended complaint and overruling a demurrer to said amended complaint The First National Bank of Florence appeals.

*Messrs. Arrowsmith & Muldrow,* for appellant, cite: *Complaint alleges separate and distinct causes of action against each defendant and is demurrable*: Pom. Code Rem. (4th Ed.) 303, Sec. 209. *Alleged negligence was separate*: 65 S. C. 344.

*Mr. James B. Murphy,* for respondent, cites: *Who may be made defendants*: Code Proc. 1912, Sec. 167. *What causes of action may be united*: Id Sec. 218; 113 S. C. 440; 1 R. C. L. 362-3. *Parties united in interest must be made parties*: Code Proc. 1912, Sec. 168; 77 S. C. 412; Pom. Code Rem. (4th Ed.); 266; 117 Iowa 724; 77 N. C. 176; 48 S. C. 79; 112 S. C. 365; 65 Pac. 1055.

.April 11, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

It is alleged that the plaintiff delivered to the defendant the Bank of Columbia a draft for $2,377.62 on Nesmith Powell Company, of Florence, S. C. To the draft there was atached a bill of lading for a carload of oats. Subsequently the plaintiff instructed the Bank of Columbia to order its correspondent bank to deliver the bill of lading

without the payment of the draft, and to return the unpaid draft. The Bank of Columbia wired its codefendant, the First National Bank of Florence, to deliver the bill of lading and return the draft. The telegram was sent collect. The Bank of Columbia did not confirm the telegram by letter or otherwise. The First National Bank of Florence refused to pay for and receive the message. The Telegraph Company did not notify the Bank of Columbia that it had failed to deliver the telegram. These circumstances are alleged to have resulted in loss to the plaintiff by way of demurrage and otherwise in the sum of $737.76. The plaintiff brought suit against the three defendants with one cause of action. The complaint alleged as follows:

"On information and belief, that the defendant the Bank of Columbia, S. C., undertook to transmit said instructions by wire, failing to confirm the same by letter, but that owing to the negligent manner in which the same was sent and transmitted by the defendant the Western Union Telegraph Company and owing to the negligence of the defendant the First National Bank of Florence, S. C., in receiving and ascertaining the contents of said message and of said instructions, and in failing to follow the same, the said defendant the First National Bank of Florence, S. C., negligently and carelessly failed and refused to surrender said bill of lading to said Nesmith Powell Company, Inc., kept and retained the same until on or about October 9, 1920; of all of which the defendant failed to notify the plaintiff."

The First National Bank of Florence moved to require the plaintiff to state his causes of action separately. This motion was granted, and the plaintiff served an amended complaint with four causes of action. The first cause of action alleged the negligence of the Bank of Columbia; the second the negligence of the Western Union Telegraph Company; the third the negligence of the First National

Bank of Florence; and fourth the joint negligence of the three.

The First National Bank of Florence then made a motion to strike out the amended complaint, upon the ground that the amendments were not in accordance with the order directing the amendment, and demurred to the complaint on the ground of a misjoinder of causes of action. The trial Judge overruled the demurrer, and refused to dismiss the complaint. From this order the First National Bank of Florence appealed, with two exceptions.

I. The first assignment of error is:

1    "The County Judge erred in refusing to strike out the amended complaint because the same did not in any way conform to the order requiring the amendment."

The motion was directed to the complaint as a whole. The amended complaint did comply with the order. The order requiring the complaint to be amended is in the record. The record shows that the amended complaint separates the causes of action. There was no error here.

II. The second assignment of error is:

2    "The County Judge erred in overruling and in not sustaining the demurrer to the amended complaint because it appears from the face thereof that the respondent is attempting to sue three several defendants, upon three several, separate, and distinct acts of negligence, as it is alleged in the same complaint without any allegation showing community of interest or wrongdoing, concert of action, or joint commission of wrong."

The appellant's error is the conception that the wrongs complained of are several, separate, and distinct. If the Bank of Columbia had written, or the telegraph company had notified the Bank of Columbia of the failure to deliver, or the First National Bank of Florence had acted on the information it had, then the injury would not have occurred. What the facts may be are not now before the Court,

but the theory of the plaintiff is that it was the concurrent negligence of the three that caused his loss; that it took the negligence of the three parties combined to work his loss, and there was no error in sustaining the amended complaint.

If this were not true, then the plaintiff might bring three suits for $700 each, and collect $2,100, when his loss was only $700.

The order appealed from is affirmed.