12269

FENNELL v. WOODWARD *ET AL.*
DOWNEY v. SAME

(139 S. E., 383)

PLEADING—PLAINTIFFS, SUING SEVERAL DEFENDANTS FOR FIRE LOSS, HELD PROPERLY REQUIRED TO ELECT WHETHER THEY WOULD PROCEED ON JOINT OR SEPARATE TORTS (CODE CIV. PROC. 1922, §§ 411, 427).—In action by former occupants of hotel room against owner of property and his tenant, the hotel keeper, and another tenant,

_____

NOTE: On necessity of motion to elect between joint or separate causes of action, see 21 R. C. L., 598; 5 R. C. L. Supp., 1166; 6 R. C. L. Supp., 1276.

to recover for loss of personal goods and effects by fire, where plaintiffs alleged separate and independent causes of action against different defendants and a cause of action against all defendants jointly, *held,* Court properly required plaintiffs to elect whether they would proceed on a joint or separate tort, and, if separate tort, which defendant they would proceed against, notwithstanding Code Civ. Proc. 1922, §§ 411, 427.

Before WHALEY, J., County Court, Richland, May, 1926. Affirmed.

Separate actions by R. C. Fennell and S. Downey against H. W. Woodward and others, wherein plaintiffs, on motion of defendants, elected to proceed against defendant, Woodward, alone. From the judgments for such defendant, plaintiffs appeal.

*Mr. D. W. Robinson,* for appellants, cites: *Election of cause of action to be relied upon:* 113 S. C., 453; 132 S. C., 507; 133 S. C., 326; Sec. 427, Code Civ. Proc.; Id., Sec. 411; 134 S. E., 222; 119 S. C., 971.

*Messrs. James H. Fowles* and *F. Ehrlich Thompson,* for respondent, McCrory Stores Corporation, cites: *Election of cause of action:* 113 S. C., 453; 134 S. E., 222–223. *Liability of owner of premises upon which fire started:* 36 S. C., 93. *Plaintiff must allege and prove negligence:* 118 S. E., 321. *Cases distinguished:* 119 S. C., 97.

*Messrs. Benet, Shand & McGowan, C. T. Graydon,* and *T. H. Peeples* also for respondents.

September 16, 1927.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

These two actions were brought in the Richland County Court for the recovery of damages alleged to have been suffered by the plaintiffs in the loss of their personal goods and effects, by fire, on December 20, 1925. They were tried together in the Court below, were heard together in this Court on appeal, and involve similar pleadings and issues.

The undisputed facts may be thus stated: On December 20, 1925, and prior thereto, the defendant, Reamer, owned

a building in the City of Columbia, located at the corner of Main and Taylor Streets. He had leased a portion of this building to the defendant, Woodward, who, at the time named, was occupying and using same as a hotel. The defendant, McCrory Stores Corporation, was also a lessee of a portion of the same building and was using such portion for a five and ten cent store. The plaintiffs, on December 20, 1925, were, and had been for some time prior thereto, occupying rented rooms in Woodward's hotel, where they kept their personal goods and effects. On that date the building took fire and plaintiffs' goods were destroyed.

On call of the case for trial, the Court, on motion of the defendants, required the plaintiffs to elect whether they relied on the separate and several acts of negligence or on the joint acts of negligence on the part of the defendants. They elected to proceed against the defendant, Woodward, alone; the trial resulting in a verdict for that defendant.

As the same question is raised in each of the cases, we shall consider the appeal taken in the first case, the disposition of which will dispose of the other cases as well. There are several exceptions, but the sole question presented by the appeal is whether the trial Judge erred "in requiring the plaintiff to elect, and in requiring him to elect as to whether he would proceed on the joint or separate tort, and, if separate tort, which defendant he would proceed against."

After alleging the ownership of the building by Reamer, the leasing and occupancy of a portion of it by the defendant, Woodward, for hotel purposes, the leasing and occupancy of a portion of it by the defendant, McCrory Stores Corporation, as a store, and the occupancy of the hotel by the plaintiff as a guest at the time of the fire, the complaint, by the introductory portion of its sixth paragraph, alleged:

"(6) The fire, destruction, injury, and loss to the plaintiff * * * was caused by some one or more or all of the following negligent, willful, and wanton acts and want

of care on the part of said defendants, singly or co-operatively, as a proximate cause thereof."

Continuing, the plaintiff set out in this paragraph of the complaint the alleged acts of negligence of the defendants, several and joint, as the proximate cause of the injury complained of, as follows: (1) That all of the defendants, owner and lessees, failed to maintain and keep the building, with the heating system, in a safe and suitable condition for use and occupancy, etc.; (2) that the defendants, Woodward and McCrory Stores Corporation, failed to exercise proper care in conducting the store and the hotel, and allowed large quantities of trash and inflammable material to accumulate in the store and basement thereof, and in the hotel and basement thereof, etc.; (3) that all of the defendants failed to exercise due and proper care to protect the building and the guests of the hotel from fire; (4) that all of the defendants failed to give proper or adequate warning and notice of the fire; (5) that the defendant, Woodward, failed to exercise due and proper care to get the wearing apparel and property of the plaintiff out of the hotel after the fire was discovered, etc.; (6) that the defendants failed to keep a watchman to care for the building, and to keep a lookout for and to protect same from fire, and to give proper warning thereof. Damages were asked for in the sum of $500.00.

The appellant petitioned to be allowed to argue against the following decisions of this Court: *McKenzie v. Southern Railway*, 113 S. C., 453; 102 S. E., 516. *Pendleton v. Columbia Railway, Gas & Electric Co.*, 132 S. C., 507; 128 S. E., 711. *Pendleton v. Columbia Railway, Gas & Electric Co.*, 133 S. C., 326; 131 S. E., 265, and directs his argument particularly against the following language used in the *McKenzie case:*

"The two actions are inconsistent; and if the defendant had made a motion to require the plaintiff to elect whether he would rely upon the first and second causes of action

(which were against the defendants separately), or upon the third (in which they were sued jointly), the motion would have been granted. *Cartin v. Railway Co.,* 43 S. C., 221; 20 S. E., 979; 49 Am. St. Rep., 829."

He points out that, in that case, there was no motion to require the plaintiff to elect, and that the trial Court allowed a separate verdict to stand which was affirmed by the Supreme Court, and that the quoted language was not necessary to the decision of the case and is clearly *obiter dicta.* He argues further that the following language, used in the opinion in the first *Pendleton case,* which case only decided that the refusal to grant a motion to elect was appealable before final judgment, not being necessary to the decision of that question, is also *obiter dicta:*

"If a complaint contains separate and independent acts of negligence on the part of two or more tort-feasors, capable severally of producing the result complained of, coupled with the allegation of joint negligence on the part of all of the defendants, whether stated in separate causes of action or in 'jumbled' form, the defendant has the right to require the plaintiff to elect upon which cause of action he will rely, upon the principle announced in *McKenzie v. Railway Co.,* 113 S. C., 453; 102 S. E., 514, that joint tort-feasors cannot be sued both separately and jointly."

Admitting the appellant's contention as to these two cases, we do not think that the same objection applied with equal force to the language used in the decision in the last *Pendleton case,* which adopted, with approval, the language of the *McKenzie case,* as follows:

"The expression of this Court in the *McKenzie Case* that 'joint tort-feasors cannot be sued both separately and jointly,' and that 'the two actions are inconsistent,' is in consonance with the foregoing principle."

It is true that this Court, in the last *Pendleton case,* sustained the judgment below in refusing to require the plaintiff to elect, on the ground that it was clear from the com-

plaint that he had elected to proceed on the joint tort; but it is also true that, in reaching this conclusion, the Court necessarily stated and declared the principles of the law of pleading involved in the decision of the question before it, and in so doing declared the principle stated in the *McKenzie case* to be sound.

We think that the law is correctly stated by Mr. Justice Marion in the last *Pendleton case,* and we are satisfied to rest our decision here upon the reasoning in that case. The Court said:

"But since the very joinder of parties defendant in a tort action is *prima facie* an election to treat the injury as a tort for which such parties are liable upon the theory of joint liability, it is obvious that there is no necessity for such motion to elect except in a case where the complaint is susceptible of. no other reasonable construction than that the plaintiff is attempting in the same action both to recover separately against one or more of the defendants upon the theory of several liability and to recover against them jointly upon the theory of joint liability. Where, as in the *McKenzie case,* the plaintiff separately states the facts upon which the liability of one of the defendants is predicated, and thereupon formally sets up a separate and independent cause of action against such single defendant, the conclusion that the plaintiff is entitled to rely upon such separate cause of action and to recover thereon, notwithstanding he has also set up a cause of action against all of the defendants jointly, is doubtless required."

The appellant, however, contends further that the following portion of Section 427, Volume 1, Code 1922, "In all cases where two or more acts of negligence or other wrongs are set forth in the complaint, as causing or contributing to the injury, for which suit is brought, the party plaintiff in such suit shall not be required to state such several acts separately, nor shall such party be required to elect upon which he will go to trial, but shall be entitled to submit

his whole case to the jury under the instruction of the Court, and to recover such damages as he has sustained, whether such damages arose from one or another or all of such acts or wrongs alleged in the complaint," when taken in connection with the following portion of Section 411, Volume 1, 1922 Code, "The defendant may set forth by answer as many defenses and counterclaims as he may have, whether they be such as have been heretofore denominated legal or equitable, or both," is persuasive as showing the intention and purpose of the Legislature in passing the statute, namely, to give to the plaintiff rights in matters of pleading similar to those of the defendant.

We think that in the last *Pendleton case* a proper construction is given to that portion of Section 427 above quoted, and we can do no better than adopt the language therein used:

"Nor is a different view required by any proper application of the so-called 'jumbling statute' (now Section 427, Vol. 1, Code 1922). The salutary object of that statute, in so far as it refers to 'how two or more causes of action for damages shall be pleaded,' was to abolish the practice which had prevailed prior to its enactment of requiring the plaintiff in a tort action to make of each separate negligent act or omission, capable in itself of producing the injury, a separate and distinct cause of action in his complaint. *Mew v. Railway Co.,* 55 S. C., 90, 97, 98; 32 S. E., 828. *Sloan v. Railroad Co.,* 64 S. C., 389; 42 S. E., 197. The assumption upon which that Act is predicated—that a cause of action in tort based upon a single injury is not properly divisible into as many parts as there are separate and independent acts of negligence causing, or contributing to, the result complained of—is, we think, entirely sound."

The appellant argues that the necessity for the construction of the statute contended for by him is apparent when its provisions are considered with the opinion in the case of *Walker v. McDonald,* reported in 136 S. C., 231; 134 S.

E., 222. We find nothing in that case to support the appellant's contention. In the opinion Mr. Justice Cothran points out that inconsistent causes of action cannot be united in the same complaint where they seek separate recoveries. It is clear from a reading of the complaint in the present case that the plaintiff seeks to recover upon both a separate and a joint liability.

The appellant points to the case of *Brice v. Bank*, 119 S. C., 97; 111 S. E., 885, as an "example where the Court has allowed the plaintiff to plead in the manner of the case at bar." The questions raised in the *Brice case* and the case at bar are altogether different. There was no motion in the *Brice case* requiring the plaintiff to elect; but the defendants demurred to the complaint upon the ground that the plaintiff attempted to sue three several defendants upon three separate and distinct acts of negligence without alleging concert of action or joint commission of wrongs. The Court did not question the appellant's implied conception of the law, but upheld the overruling of the demurrer upon the ground that the appellant misconceived the theory of the complaint, and said:

"The appellant's error is the conception that the wrongs complained of are several, separate, and distinct. * * * What the facts may be are not now before the Court, but the theory of the plaintiff is that it was the concurrent negligence of the three that caused his loss; that it took the negligence of the three parties combined to work his loss, and there was no error in sustaining the amended complaint."

The last stand of the appellant is that, even if the Court should affirm the principle enunciated in the *McKenzie case* and the *Pendleton cases,* it does not necessarily follow as an affirmance of the case at bar; and argues in support of this position that, in the last *Pendleton case,* Mr. Justice Marion held that:

"The joining of defendants in one action in the allega-

tions of the complaint, which were very similar to our allegations, constituted an election by the plaintiff to proceed on a joint tort, and the defendants had no right to require him to elect."　.

It is true that in the first quotation from the last *Pendleton case* the Court said that the joinder of parties defendant in an action in tort is *prima facie* election by treating as a tort negligent acts for which all the parties are liable on the theory of joint liability, and that in such case no motion to elect is necessary, except where the complaint is susceptible of no other construction than that the plaintiff is attempting to recover on both a separate and a joint liability.

Accepting this as the true test, reference to the complaint in this case does not show, as in the last *Pendleton case* and in the *Brice case,* that the injury complained of was due only to the concurrent and joint negligent acts of all of the defendants, or that their joint acts of negligence were necessary to produce the alleged injury; but, on the contrary, the plaintiff, in his complaint, separately states the facts upon which the liability of one or more of the defendants is predicated, and upon these facts pleads a separate and independent cause of action against such defendant or defendants.　He then, upon another and independent and different state of facts recited by him, pleads and sets up a cause of action against all of the defendants jointly.　Thus it may be clearly seen, as stated in the last *Pendleton case,* that the inconsistent causes of action thus set up and pleaded by the plaintiff would permit him to recover against one or more of the defendants separately upon the theory of a several liability, and also to recover against them jointly upon the theory of a joint liability; which, under the cases cited, is not allowed.

The trial Judge ruled correctly in requiring the plaintiff to elect, and the judgment of the Richland County Court in each of the said cases is affirmed.

Mr. Chief Justice Watts and Messrs. Justices Coth-ran, Blease, and Carter concur.