12619

MARTIN v. HINES *ET AL.*

(147 S. E., 870)

Rehearing Denied April 29, 1929

212

214

*Messrs. P. A. Bonham* and *Price & Poag,* for appellants,

*Messrs. Dean, Cothran & Wyche,* for respondent,

March 22, 1929.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action by the plaintiff, D. R. Martin, was commenced in the Court of Common Pleas for Greenville County, August 12, 1925, against the defendants, Fred Hines, Waller Bailey and Jack Brown, for damages for injuries received by the plaintiff growing out of an automobile collision alleged to have been caused by the defendants. In their answer all of the defendants denied liability. The case was tried at the February, 1927, term of Court of Common Pleas for said County of Greenville, before his Honor, Judge J. W. De Vore, and a jury. At the conclusion of the testimony, on motion of counsel for the defendant, Bailey, his Honor, Judge De Vore, directed a verdict as to him and submitted the case to the jury as to the other defendants, Hines and Brown, no motion for a direction of a verdict having been made as to them. The jury rendered a verdict in the sum of $1,000 against the defendant, Hines, but nothing against Brown, whereupon Hines, through his counsel, made a motion for a new trial, which was refused. From the judgment the defendant Hines has appealed to this Court upon exceptions which will be reported.

Appellant presents three exceptions, wherein he imputes error to the presiding Judge. Under the first and second exceptions error is alleged in the charge to the jury, and under the third exception error is charged on account of his Honor's refusal to grant the motion for a new trial. However, the real question involved in the appeal is whether or not the plaintiff was entitled to recover against the defendant, Hines, alone, the defendant, Brown, having been exonerated and relieved by the verdict of the jury; it being the contention of the appellant that as the complaint was based upon the theory of joint liability, having been brought

against the defendants as joint tort-feasors, the plaintiff could recover only upon the theory of joint liability. The disposition of this question will dispose of all questions raised by the exceptions.

By reference to the complaint, which will be reported with the case, it will be observed that the plaintiff alleged against the defendants, Hines and Bailey, five separate acts of negligence, and against the defendant Brown five separate acts of negligence. Then follows allegations against the three, Hines, Bailey and Brown, to wit:

"The said Jack Brown's negligence contributed with the negligence of the defendants, Fred Hines and Waller Bailey, in causing the injuries to plaintiff and plaintiff's automobile, as above set forth.

"That on account of the negligence and recklessness of the defendants above named the plaintiff has been damaged in the sum of three thousand dollars."

It is true, as contended by appellant that joint tort-feasors cannot be sued both separately and jointly, and when the complaint contains allegations to that effect, the defendants have a right to require an election. The rule on this question is clearly and aptly stated by Mr. Justice Cothran, as the organ of this Court, in the case of *Pendleton v. Columbia Railway Gas & Electric Co. et al.,* reported in 132 S. C., 510, 128 S. E., 711, 712. In that case there was an appeal to this Court from an order of the Circuit Judge refusing defendant's motion "to require the plaintiff to elect between the separate and several acts of negligence charged to the defendants and the joint acts of negligence charged to them." The respondent moved before this Court to dismiss the appeal upon the ground that the order refusing the defendants'. motion was not appealable and that the appeal was frivolous. This Court held that the order of the Circuit Judge refusing the motion to elect involved the merits and was appealable before final judgment, and therefore refused the motion to dismiss the appeal. In discussing

the question, Mr. Justice Cothran, speaking for the Court, expressed the rule thus:

"If a complaint contains separate and independent acts of negligence on the part of two or more tort-feasors, capable *severally of producing the result complained of* [italics ours], coupled with the allegation of joint negligence on the part of all of the defendants, whether stated in separate causes of action or in 'jumbled' form, the defendant has the right to require the plaintiff to elect upon which cause of action he will rely, upon the principle announced in *McKenzie v. Railway Co.,* 113 S. C., 453, 102 S. E., 514, that joint tort-feasors cannot be sued both separately and jointly. But if the complaint simply alleges *co-operating causes leading to the result* [italics ours], instead of several causes each sufficient of itself to produce the result, such acts constitute but a single cause of action"—citing *Sloan v. R. Co.,* 64 S. C., 389, 42 S. E., 197.

When the appeal in the *Pendleton case, supra,* was heard, the Court in its opinion, written by Mr. Justice Marion, reported in 133 S. C., 326, 131 S. E., 265, in effect held that the complaint did not contain allegations of separate and independent acts of negligence on the part of the alleged tort-feasors, capable severally of producing the result complained of, but that the complaint simply set forth "co-operating causes leading to the result," which constituted but a single cause of action against the defendants as joint tort-feasors. Therefore this Court affirmed the action of the Circuit Judge in refusing to require the plaintiff to elect.

In the case at bar there was no motion to require the plaintiff to elect between the separate and joint acts of negligence set forth in plaintiff's complaint, and the case was submitted to the jury under the general allegations of the complaint. The presiding Judge in his charge instructed the jury in the law both as to separate acts of negligence and as to joint acts of negligence, without objection, and instructed the jury that a verdict might be rendered against both of the defendants, if both under

the proof were liable, or against Brown alone, if Brown under the proof was liable and Hines not liable, or against Hines alone, if Hines under the proof was liable and Brown not liable. This statement of the issues was made by the presiding Judge without objection. But it is the contention of appellant that the action was brought against the defendants upon the theory of joint liability, and contends under authority of the *Pendleton case, supra,* that the allegations of the complaint show that the plaintiff elected to treat the action on the theory of joint tort. We do not agree with this contention. As pointed out in the opinion in the *Pendleton case, supra,* if the complaint simply alleges "co-operating causes leading to the result, instead of several causes each sufficient of itself to produce the result, such * * * constitute but a single cause of action," ·as was the case in the *Pendleton case;* but where the several causes are each sufficient of itself to produce the result complained of, as contained in the complaint in the case at bar, there is no presumption that the plaintiff elected to bring the action on the theory of joint tort, and it is incumbent upon the defendant to make a motion to require the plaintiff to elect between separate and joint acts, and failing to do this, it is the duty of the Judge at the trial of the case to submit to the jury the question of liability, both under the separate acts of negligence alleged and under the point acts of negligence alleged. That was what the presiding Judge did in this case, and there was no error in so doing, and, the jury having returned a verdict against but one of the defendants, there was likewise no error in refusing to set the verdict aside.

In support of the view herein expressed, we, also, call attention to the opinion written by Mr. Justice Stabler, in the recent case of *Fennell v. Woodward,* reported in 141 S. C., 173, 139 S. E., 383.

The exceptions are therefore overruled, and it is the judgment of this Court that the judgment of the Circuit Court be, and is hereby, affirmed.

Mr. Chief Justice Watts and Messrs. Justices Cothran, Blease and Stabler concur.

### On Petition for Rehearing

*Per Curiam.* Rehearing denied.

Mr. Justice Cothran (dissenting): I think that the opinion which has been filed demonstrates a misconception of the complaint. The opinion proceeds upon the theory that the cause of action alleged is based upon separate and distinct acts of negligence on the part of the several defendants. Upon consideration I construe it to be based upon the joint and co-operating acts of the several defendants, no one of which was sufficient of itself to cause the disaster, but that the several acts of negligence attributed to the individual defendants were alleged as acts, though separate, combined, and concurred in producing the injury of which the plaintiff complained, not as separate acts "capable severally of producing the result complained of." *Pendleton v. Columbia Ry., Gas & Electric Co.,* 132 S. C., 507, 128 S. E., 711.

The complaint, therefore, stated a cause of action based upon a joint tort. The verdict against one of the alleged joint tort-feasors was a repudiation of this theory, and can be sustained only upon the finding that the defendant against whom recovery was had was solely and individually responsible for the calamity. To allow it to stand is vertually to deprive the defendant of the right to require an election if there should be anything in the complaint upon which this individual liability could be based.

In the second appeal of the *Pendleton case,* 133 S. C., 326, 131 S. E., 265, the Court said: "The plaintiff expressly alleges that the separate acts of negligence attributed to each of the defendants concurred and co-operated to produce the result—the injury complained of. Having elected to sue the two defendants in one action, and having alleged that the acts of each concurred in causing his injury—the only theory upon which he was entitled to sue both in one action

—he must recover, if at all, upon the theory of joint liability, and not upon that of separate causes of action predicated upon the several liability of the two defendants."

Of course, if the complaint was based upon the joint co-operative acts of all of the defendants, a motion to require an election could not have been entertained.

I therefore withdraw my concurrence in the opinion which has been filed and favor a rehearing of the appeal.