## ENGLISH v. ATLANTIC COAST LINE R. CO. et al.

## HYATT v. ATLANTIC COAST LINE R. CO. et al.

### Nos. 2008, 2009.

United States District Court
E. D. South Carolina, Florence Division.
Nov. 9, 1948.

Mozingo & Watts and C. R. Parrott, all of Darlington, S. C., for plaintiffs.

Woods & Woods, of Marion, S. C., and Dargan, Paulling & James, of Darlington, S. C., for defendants.

WARING, Chief Judge.

The plaintiffs in the two above entitled cases were riding in an automobile which came into collision with a train of the Atlantic Coast Line Railroad Company, W. W. Blackwell being the engineer of the said train. The collision occurred in the town of Timmonsville, situated in this district, on the morning of May 26, 1948. The complaints in the two causes are substantially the same, both plaintiffs alleging severe and serious injuries as a result of the collision and alleging that the injuries suffered were the result of acts of negligence, carelessness, recklessness, wilfulness, wantonness, and unlawfulness of the defendants. The acts of negligence complained of fall generally into two classes. One class is made up of allegations of negligence in the operation of the train, such as operating same at a high speed, failing to keep a proper lookout, to give signals or warnings and like acts of negligence. The other specifications relate to the condition of the crossing where the collision took place complaining that the crossing was so situated and constructed that the view of approaching trains was obscured by reason of buildings, telephone and telegraph poles, shrubbery and other obstructions and that there was a failure to erect and maintain warning signals and devices.

The defendant Atlantic Coast Line Railroad Company is a non-resident corporation. The defendant W. W. Blackwell, the engineer of the colliding train is a resident of South Carolina, as are both plaintiffs. The defendant railroad company has removed the cases to this court from the Court of Common Pleas of Darlington County, South Carolina, where it was instituted, on the ground of diversity of citizenship and the plaintiffs move to remand. The removant's position may be briefly stated as follows: That the specifications of negligence create two distinct classes of delicts: The first class consists of acts of negligence of operation, which were properly chargeable to the engineer and likewise to the railroad company under the doctrine of respondeat superior, but the second class of acts of negligence can be chargeable only to the railroad company, since one cannot charge the engineer with the duty of maintaining the safety of the crossings. The argument is that this presents separable controversies and that one action being entirely against the railroad company, that company has a right to remove the cause to this court which would

have jurisdiction of the action as solely between the plaintiffs and the non-resident defendant and all other issues would automatically be removed along with it. See Title 28 U.S.C.A. § 1441, formerly § 71 and decisions under the earlier statutes as follows. Hamilton v. Empire Gas & Fuel Co., 8 Cir., 297 F. 422, 429; Barney v. Latham, 103 U.S. 205, 26 L.Ed. 514; Brooks v. Clark, 119 U.S. 502, 7 S.Ct. 301, 30 L. Ed. 482; Connell v. Smiley, 156 U.S. 335, 15 S.Ct. 353, 39 L.Ed. 443.

On the other hand the plaintiffs take the position that they allege joint and concurrent acts of negligence and that while it is true that some of the specifications may be construed as several and distinct acts by one or the other of the defendants, nevertheless they have so framed their complaint as to make this a joint cause of action. All of these specifications are set out in Article 9 of the complaint and Article 10 is as follows: "That each and every act of omission and commission of defendants and each of them as aforesaid, were the joint proximate, and concurrent cause of said injuries and damage to plaintiff and each of said acts of defendants materially, concurrently and jointly contributed to said injuries and damage to plaintiff."

■ If this position be correct (and I think it is) it will be seen that the plaintiffs have distinctly elected to try these acts of negligence as joint and concurrent and their decision must be accepted on that theory. Under these circumstances, the resident defendant is a proper party and the fact that he is a resident of South Carolina will defeat the attempt to remove from the State to the Federal Court.

An interesting case in which there was a very similar situation to the ones here under consideration, is that of Trivette v. Chesapeake & O. R. Co., 6 Cir., 212 F. 641. The allegations in the pleadings were not entirely clear as to whether the acts of negligence were joint or several. The Court construed the pleadings as not intended to charge joint negligence and that view was adopted by the Circuit Court of Appeals. And so the Federal Court retained jurisdiction. But in the instant case the allegations are not even equivocal,

and distinctly and directly and explicitly charge that the acts of negligence were joint and concurrent. The Court must be bound by the allegations of the pleadings and the parties will be bound to try the case on that theory. The reasoning and tests as applied in the Trivette case when applied here point to a diametrically opposite result. The pleadings show allegations of joint negligence and the case must be remanded. It was called to my attention at the argument of this case that the complaint was drawn under the authority, and in fact almost in the language, of Chicago, R. I. & P. R. Co. v. Dowell, 229 U.S. 102, 33 S.Ct. 684, 57 L.Ed. 1090. And that case would seem to be conclusive of the question before the court here. See also Beal v. Chicago, B. & Q. R. Co. et al., D.C., 298 F. 180.

■ The only authority seriously pressed to my attention by the defendant is the South Carolina case of Fennell v. Woodward, 141 S.C. 173, 139 S.E. 383. The matter there involved had nothing to do with removal or remand but treated the question of whether the plaintiff could be required to elect whether he would proceed on a separate cause of action or on a joint cause of action the complaint showing claims on both grounds. The Court required the plaintiff to elect and the Supreme Court affirmed such action. A reading of the case fully convinces one that it in no respect departs from the generally accepted doctrine that where the plaintiff definitely sets forth that his action is joint that he must try it upon that basis. In the instant case the plaintiffs not only stated in their complaint but reiterate in argument that they have a joint cause of action, that the several acts complained of concurred and jointly contribute to their cause of action and they are bound to try the case upon that theory. It seems to me that this distinctly forces upon the Court the view that the cause of action is joint and if the plaintiffs choose to sue upon that theory it would not be proper, and the Court has no power, to rewrite their complaint and adopt a wholly different theory. When the case goes back for trial in the State Court the plaintiffs will, of course, still be bound to try the same upon the theory of joint

and concurring causes of negligence. Accordingly, it is

Ordered, that the two above entitled cases be remanded to the Court of Common Pleas for Darlington County, South Carolina.