17269

J. J. FLEMING, Temporary Administrator of the Estate of Annie Mae Fleming, deceased, Plaintiff, v. ARKANSAS FUEL OIL COMPANY, Service Oil Company, Olan G. Martin and Joseph D. Martin, trading and doing business as Martin's Oil Company, Defendants, wherein Joseph D. Martin and Olan G. Martin, trading and doing business as Martin's Oil Company, is, Appellant, and Gladys F. Ball, Administratrix, *de bonis non,* of the Estate of Annie Mae Fleming, deceased, is, Respondent.

(97 S. E. (2d) 76)

*Messrs. Carlisle, Brown & Carlisle,* of Spartanburg, *for Appellant,* cite:

*Messrs. Williams & Justice* and *Edwin W. Johnson,* of Spartanburg, *for Respondent,*

March 7, 1957.

STUKES, Chief Justice.

This is an action for damages for wrongful death. There was similar tragic result in the recent case of *Bradley v. Fowler,* 210 S. C. 231, 42 S. E. (2d) 234. It is alleged in the amended complaint that plaintiff's intestate died as the result of burns from an explosion when she lighted her

kerosene cook stove. As indicated in the caption, there are three defendants, all wholesalers or jobbers of kerosene, and it is alleged that Arkansas Fuel sold the product to Service Oil, which in turn sold to Martin's Oil Company which sold to a small retailer, Nelson's Grocery. The fluid was purchased at retail from Nelson, who was not made a defendant in the action.

It is further alleged in the complaint that the three defendants knew, or by the exercise of ordinary care should have known, that Nelson would sell the product to the public for use as kerosene and each of the defendants made their respective sales with the implied representation and warranty that the fluid was kerosene and conformed to the applicable laws of the State and the rules and regulations promulgated thereunder. In fact, the fluid was not kerosene as the defendants knew, or in the exercise of ordinary care should have known, but it was adulterated with gasoline, naphtha or other inflammable ingredients; it was the duty of the defendants to inspect and test products sold by them to determine the flash point, which is required, by statute and rules, for kerosene to be not less than 100° F. But the product here sold had a flash point of 84° F. which was inherently highly dangerous, and it was unlawful to sell it for kerosene. The injury was directly and proximately caused by the carelessness, negligence, wilfulness and wantonness of the three defendants, acting jointly and severally, and their agents, servants and employees.

The specifications of alleged negligence, etc., of the defendants are: (a) violation of the statute and rules with respect to the testing and sale of kerosene; (b) selling for kerosene what they knew, or should have known, was highly inflammable and dangerous when used as kerosene is used; (c) failing to properly test and safeguard kerosene; (d) failing to warn the retailer; (e) negligently failing to separate kerosene from highly inflammable products; (f) in delivering to the retailer as kerosene what defendants knew or should have known contained gasoline, etc.; and (g)

selling petroleum products without ascertaining their true nature.

It is seen that the action is principally based upon alleged violations of statutory duties. These are prescribed in Sec. 66-401 *et seq.* of the Code of 1952, with implementing rules and regulations. Sec. 66-415; rules, page 457 of Vol. 7 of the Code. Wholesalers and jobbers of petroleum products, which the defendants are, are subject to these statutes and rules.

The defendant, Martin's Oil Company, demurred to the amended complaint upon the ground that in it were improperly united a cause of action to recover punitive damages for the alleged wilfulness of the demurring defendant, which does not affect the other parties to the action; and a cause of action to recover punitive damages against the other defendants, jointly and severally, for their alleged joint and several wilfulness, which cause or causes of action does, or do, not affect the demurring defendant. At the same time the defendant, Martin's Oil Company, reserving its rights under its demurrer, moved for an order requiring the plaintiff to make the amended complaint more definite and certain by separately stating the causes of action as follows: (a) against Martin's Oil Company for the delicits alleged to have been committed by it; and (b) the cause of action against Martin's Oil Company and the other defendants jointly for the delicts alleged to have been committed by them. Further motion was made by Martin's Oil Company to require that the complaint be made more definite and certain by specifying the acts of negligence and wilfulness intended to be charged against each defendant severally, and those charged against any two or more of them jointly.

The demurrer was overruled upon the ground that the alleged breaches of duty are directed against all of the defendants, jointly and severally; and the delicts, which are principally statutory, are not peculiarly connected with any one defendant, but they are breaches of duty in which all of the defendants, as wholesalers and jobbers, have a common

culpability. *Piper v. American Fidelity & Casualty Co.*, 157 S. C. 106, 154 S. E. 106, was distinguished because in that case the liability of the insurance company was limited to negligence by reason of the contract and statute there involved; here the action is solely in tort and proof of the allegations of the complaint would result in equal guilt of all of the defendants. The motions for orders requiring the amended complaint to be made more definite and certain were also denied, upon the ground that only one cause of action is alleged in the complaint, and it affects all of the defendants. Martin's Oil Company has appealed.

The case is controlled by the authority of *Cabe v. Ligon*, 115 S. C. 376, 105 S. E. 739, which was upon similar facts. It was likewise an action for death which was caused by the explosion of oil, allegedly defective. It was purchased from Ligon & Ledbetter who had, in turn, purchased it from Petroleum Oil Company, and they were sued jointly. It was alleged that death of the victim was caused by the joint, concurrent and several negligence of the defendants; and wilfulness, wantonness and recklessness were alleged. Each of the defendants demurred to the complaint upon the same grounds, which were that the complaint failed to state a cause of action as to each of them, as well as collectively, which was overruled. The grounds of demurrer are set out in the opinion and the second was that it appeared upon the face of the complaint that there was no joint liability of the defendants because there was no allegation that they acted in concert or collusion or through any conspiracy or agreement, and there was no allegation which would show joint liability. It appears that there was then a similar statute to that under which the present action is brought. The overruling of the demurrer was affirmed and it was said that where different persons owe the same duty, and their acts naturally tend to the same breach of that duty, the wrong may be regarded as joint, and both may be held liable.

The decisions which appellant has cited in the brief have been carefully considered and none of them impinges upon

the pointed authority of *Cabe v. Ligon, supra,* which we follow. Indeed, the leading case of *Pendleton v. Columbia Ry., Gas & Elec. Co.,* 133 S. C. 326, 131 S. E. 265, cited by appellant, in which the action for actual and punitive damages was against two independent defendants (here three) upon their separate acts of negligence and wilfulness which cooperated to cause plaintiff's single injury, is in accord with the result of the *Cabe case,* and with this. The fifth syllabus of the report of the *Pendleton case* is: "A single injury, which is proximate result of separate independent acts of negligence of two or more parties, subjects tort-feasors, even in absence of community of design or concert of action, to liability which is both joint and several."

The principle of the *Pendleton case* was applied by District Judge Wyche in *Copley v. Stone,* D. C., 75 F. Supp. 203. Compare *Fennell v. Woodward,* 141 S. C. 173, 139 S. E. 383, and *Martin v. Hines,* 150 S. C. 210, 147 S. E. 870.

The exceptions are overruled.

Affirmed.

TAYLOR, OXNER and MOSS, JJ., and G. DUNCAN BELLINGER, A. A. J., concur.