MARTIN v. NORFOLK & W. RY. CO. et al.

No. 3013.

Circuit Court of Appeals, Fourth Circuit.

Sept. 19, 1930.

294

Thomas H. S. Curd, of Welch, W. Va. (Graham Sale and W. Goodridge Sale, Jr., both of Welch, W. Va., on the brief), for appellant.

Joseph M. Crockett, of Welch, W. Va., and Wells Goodykoontz, of Williamson, W. Va. (F. M. Rivinus, of Philadelphia, Pa., Lant R. Slaven, of Williamson, W. Va., and J. Randolph Tucker, of Welch, W. Va., on the brief), for appellees.

Before PARKER and NORTHCOTT, Circuit Judges, and ERNEST F. COCHRAN, District Judge.

ERNEST F. COCHRAN, District Judge.

The appellant, who will hereinafter be styled the plaintiff, a citizen of West Virginia, filed his suit in a state court of West Virginia against the appellees, who will hereinafter be designated the defendants. The defendant Norfolk & Western Railway Company is a corporation of Virginia, and the defendant Robert P. Compton, a conductor, and the defendant John Knight, a brakeman, in its service, are citizens of West Virginia. The case was removed to the District Court of the United States. A motion to remand to the state court was refused. The case proceeded to trial upon the merits and resulted in a directed verdict for the defendants, and the plaintiff has appealed. The appeal alleges error, first, in refusing to remand the case to the state court, and, second, in directing a verdict for the defendants. The question whether the District Court acquired jurisdiction should be first considered, and, if the conclusion should be reached that the case ought to be remanded to the state court, there will be no occasion to consider the alleged error in directing a verdict.

Questions arising upon motions to remand, where it is claimed that there is a separable controversy or fraudulent joinder, are usually not easy of solution; but there are certain propositions which have been definitely settled, and the main difficulty lies only in their application.

■ Where the liability of the defendants as set forth in the pleadings is joint, or joint and several, then the controversy is not separable as a matter of law, and the plaintiff's purpose in joining the resident defendant is immaterial, as his motive in the performance of a lawful act is not open to inquiry. Chesapeake & Ohio Ry. Co. v. Dixon, 179 U. S. 135, 21 S. Ct. 67, 45 L. Ed. 121.

■ The defendant has no right to say that an action shall be separable which the plaintiff elects to make joint, and cannot deprive the plaintiff of his right to prosecute his own suit to final determination in his own way; and it is well settled that an action for tort which might have been brought against many persons or against any one or more of them, and which is brought in a state court against all jointly, contains no separate controversy which will authorize its removal by some of the defendants to the federal court. The cause of action is the subject-matter of the controversy, and that is for the purpose of the suit whatever the plaintiff declares it to be in his pleadings. Chesapeake & Ohio Ry. Co. v. Dixon, supra; Alabama Southern Ry. Co. v. Thompson, 200 U. S. 206, 26 S. Ct. 161, 50 L. Ed. 441, 4 Ann. Cas. 1147; Wecker v. National Enameling Co., 204 U. S. 176, 27 S. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757.

Stripped of legal verbiage and repetitions, the facts of the case as charged in the first count of the declaration are substantially as follows:

The railway company maintained a yard consisting of a number of tracks on the north side of Elk Horn creek. On the south side of the creek there is a settlement where a large number of people live. There is a bridge across the creek, and it is alleged that this bridge extends to the property of the railway company. People from this settlement constantly pass over this bridge and over a well-defined crossing across the railroad tracks and thence along a path alongside the tracks, and thence to the town of Kimball. It is alleged that this use of the crossing by the public generally was with the knowledge, acquiescence, and by the invitation of the railway company. It is further alleged that the deceased, for whose death the action is brought, constantly used this same crossing and pathway with the knowledge of the railway company. It is also alleged that the defendants Compton and Knight knew of this use of that place by the public and by the deceased. The settlement and community near where the accident occurred is a thickly populated one. The deceased was killed while he was using this pathway and crossing about 6 o'clock in the evening, after dark, by one of the railway company's trains in charge of Compton, the conductor, on which Knight was a brakeman. It was specifically charged that Compton and Knight, as conductor and brakeman, had authority to operate the train; that it was their duty to provide for a proper lookout, to regulate the movement and speed of the train and provide proper appliances for warning of its approach. It was also alleged that it was the duty of all the defendants to operate the train with due regard to the safety of those using the crossing and pathway, and to use reasonable care to keep a lookout. It is further charged that, without regard to the duties imposed upon them, the defendants ran the train backwards at a high and dangerous rate of speed without a proper lookout, without any lights or other appliances necessary for the safety and protection of those using the pathway and crossing, and struck the deceased (who was using the pathway and crossing as he was accustomed to do, with the knowledge of all the defendants and with the consent and upon the invitation of the railway company) and killed him.

The second count contains practically the same allegations, except that, instead of charging a failure to keep a proper lookout, it charges that it was the duty of all the defendants to use reasonable means to prevent killing pedestrians using the crossing and pathway, whom they discovered upon the track, and that the train was run backwards without having proper equipment for warning the deceased and necessary for the stopping of the train, and that Knight and Compton were on the back of the train and saw the deceased in time to have prevented his being struck, and that they failed to use reasonable care to prevent injuring him after he had been discovered in a dangerous situation.

The declaration is based upon the theory that, where the public use a portion of the track with the knowledge, acquiescence, and consent or upon the invitation of the railway company, it is the duty of the company and of its employees in the management of its train to take proper care for the safety of those using its track under such circumstanc-

es. The first count is evidently based upon the theory that it was the business of Compton and Knight to be on the back of the train when it was being backed and keep a lookout, and that they failed in that duty as charged in the first count.

The second count is based upon the theory apparently that Compton and Knight were actually on the rear of the train as it was being backed and keeping a lookout, but that, after discovering the dangerous position of the deceased, they failed to use due care for his safety.

■ The foregoing is merely the substance of the lengthy allegations of the declaration. It is clear that, under the decisions hereinabove cited, any liability asserted in the declaration is a joint liability, contains no separable controversy, and plaintiff's motives in joining the resident defendants are immaterial. Upon the face of the declaration, therefore, the case is not a removable one, and the District Court would have no jurisdiction thereof.

■ However, the right of removal cannot be defeated by a fraudulent joinder of a resident defendant, i. e., a citizen of the same state as the plaintiff, having no real connection with the controversy. Wecker v. National Enameling Co., supra; Wilson v. Republic Iron Co., 257 U. S. 92, 42 S. Ct. 35, 66 L. Ed. 144.

■ Where a defendant who is a citizen of the same state as the plaintiff is joined, the joinder, although fair upon the face of the declaration or complaint, may be shown by a petition for removal to be only a sham or fraudulent device to prevent removal. But the showing must consist of a statement of facts rightly leading to that conclusion, apart from the pleader's deductions. If the facts appropriately stated in the petition lead to the rational conclusion, *apart from the pleader's deductions*, that the joinder was made without any purpose to prosecute the action in good faith against the resident defendant and with the purpose of fraudulently defeating the right of removal, the right of removal should be sustained. Chesapeake & Ohio Ry. Co. v. Cockrell, 232 U. S. 146, 34 S. Ct. 278, 58 L. Ed. 544; Wilson v. Republic Iron Co., supra, 257 U. S. 98, 42 S. Ct. 35, 66 L. Ed. 144.

The contention of the defendants is that the facts stated in the petition for removal show that Compton and Knight had no real connection with the controversy; that there is no cause of action against either of them; and that those facts necessarily lead to the conclusion that they were made parties as a sham and pretense to avoid the removal of the cause into the federal court. If the facts make such a showing, then the case should not be remanded. But if, assuming all of the facts stated in the petition to be true, there still appears to be an assertion of joint or joint and several liability against the railway company and its employees, then the case should be remanded. We have considered the facts stated in the petition for removal carefully and have come to the conclusion that they are not sufficient to lead to the conclusion that there is no reasonable ground for the assertion of a joint or joint and several liability.

■ The petition for removal contains the usual statements to the effect that Compton and Knight were wrongfully joined; that there is no joint cause of action against the railway company and Compton and Knight; that the railway company is in legal effect the sole defendant; that Compton and Knight are not necessary or proper parties and were made parties defendants and particularly Knight, for the purpose of preventing removal. But these are mere conclusions of the pleader, and under the decisions cited are not to be taken as true, but only facts appropriately alleged, and the facts so alleged must rightly lead to the conclusion apart from the pleader's deductions.

■ The petition for removal however does assert as a matter of fact that, under the rules and regulations promulgated by the company, the duty to regulate and control the speed of the train is not the duty of the conductor Compton nor of the brakeman Knight, but of the engineer; that the duty to provide lights and other appropriate equipment and instrumentalities to warn persons upon the track is the duty of the railway company and not of Compton and Knight. But if it should be granted that Compton and Knight were under no duty to regulate the speed of the train, to provide lights or other instrumentalities, nevertheless there remains the charge in the declaration that it was their business either to provide a lookout or be on the back of the train and keep a lookout themselves, and their connection with the transaction in this respect is in no wise controverted by any facts set forth in the petition. Under the first count of the declaration, therefore, assuming the facts stated in the petition to be true, the charge amounts in substance to a charge of a failure on the part of the railway company in certain duties of providing instrumentalities, etc.,

and a failure on the part of Compton and Knight to keep a proper lookout, and that the concurrence of these acts of omission and negligence caused the injury. So likewise under the second count of the declaration, assuming that the railway company alone was under the duty to provide instrumentalities, etc., nevertheless there remains the charge in the second count that Compton and Knight were actually on the rear of the train and failed to use due care to warn the deceased after discovering him in a position of danger. So under the second count, assuming the allegations of the petition to be true, there appears to be a charge of a failure of the railway company in its duty to provide instrumentalities, etc., and a failure on the part of Knight and Compton, after discovering the deceased in a position of danger, to use due care for his safety, and that the concurrence of these acts of omission caused the injury.

 It is settled that, when concurrent negligence is charged, the controversy is not separable. Where the negligence of a master in the performance of his duties combines and co-operates with the negligence of the servant in the performance of his duties, there is a case of joint liability arising from the concurrent acts of the master and the servant, which presents no separable controversy and no ground for removal. Chesapeake & Ohio Ry. Co. v. Dixon, supra; Hay v. May Department Stores Co., 271 U. S. 318, 322, 46 S. Ct. 498, 70 L. Ed. 965; American Bridge Co. v. Hunt (C. C. A. 6th) 130 F. 302; Slate v. Hutcherson (C. C. A. 4th) 15 F.(2d) 551.

To restate the case briefly: When the facts stated in the petition for removal are taken as true, there would still appear to be charged a concurrent tort; that is to say, a charge of the failure of the railway company in certain duties of the company and a failure of the two resident defendants in certain of their duties which combined and concurred to produce the injury. Since, therefore, the petition for removal does not show that there can be no liability on the part of the resident defendants Compton and Knight, their joinder cannot be said to be a sham and fraudulent device, for the plaintiff's motives then become immaterial.

In order to prevent any misunderstanding as to what has been said in reference to the liability of these defendants, we deem it proper to say that we do not hold that the facts presented by the declaration and the petition for removal are sufficient to show liability on the part of the defendants. As the District Court had no jurisdiction of the cause, that question is one for the state court to decide, and upon it we express no opinion. All that we hold is that, upon the facts stated in the declaration and petition for removal, whatever liability exists, it is a case of a joint, or joint and several, liability, and not a case of liability on the part of the railroad, and no liability whatever on the part of the defendants Compton and Knight as contended for by the defendants.

 But the defendants rely upon certain other matters set forth in the petition to prevent the remanding of this case. The petition alleges in substance that the plaintiff brought an action against the railway company and Compton alone, and that that action was removed to the federal court, a motion to remand was denied, and that it was pending in the federal court at the time the present action was commenced in the state court, although dismissed before this action was tried. Counsel for the defendants in his brief states that the allegations in the present action are identical with the allegations in the former action against the railway company and Compton alone, the only difference being that Knight, the brakeman, is made a party in the present action, and he is alleged to have been under the same duties and to have been guilty of the same negligence, etc., as Compton. The record in the present case sets forth in full the declaration in the first case and also the petition by which the first case was removed. An examination of the declaration and petition for removal of the first case discloses that they are substantially identical with the declaration and petition for removal in the present case, the only change being the making of Knight a party to the present case. The defendants argue that these facts show that the institution of the present suit was a fraudulent device to defeat the jurisdiction of the federal court, and that therefore the case on that ground should not be remanded. The fact that the suit first instituted was removed to the federal court, and that subsequently another suit substantially identical, except as to the joinder of an additional defendant, was instituted in the state court, is a circumstance to be considered on the question of fraudulent joinder. Arrowsmith v. Nashville & D. R. Co. (C. C.) 57 F. 165. But it is a mere circumstance and is insufficient under the facts of the present case to show a fraudulent joinder. It is clear that the defendant's contention here is based upon the assumption that the first suit was properly removed into the federal court. If the federal court had no jurisdiction in

the first suit, then the argument falls to the ground. There is stated in the first suit, just as there is stated in the present action, a concurrent tort against the railway company and Compton, and this appears upon the face of the declaration and the petition for removal in that case, assuming the facts stated in the petition to be true. It is clear therefore that, in the first suit, the federal court had no jurisdiction for the same reasons that it has no jurisdiction of the second suit, and it should have been remanded to the state court. The action of the plaintiff in bringing the second suit cannot therefore be said to deprive the defendants of any right they may have had to try the first suit in the federal court, for no such right existed.

Inasmuch as we have reached the conclusion that the case should be remanded to the state court, there is no occasion to consider the alleged error in directing a verdict. The judgment of the District Court is therefore reversed, with directions to remand the case to the State court.

Reversed.