## FORREST v. SOUTHERN RY. CO. et al.
### No. 2657.

District Court, W. D. South Carolina, Greenwood Division.

Oct. 5, 1937.

W. K. Charles, of Greenwood, S. C., for plaintiff.

Blythe & Bonham, of Greenville, S. C., for defendant Southern Ry. Co.

WYCHE, District Judge.

This matter is before me upon motion of plaintiff to remand the case to the court of common pleas for Greenwood county, S. C., from whence it was removed upon the petition of the Southern Railway Company upon the grounds of separable controversy and fraudulent joinder.

The action is one for the recovery of damages against the defendants for the death of plaintiff's intestate which occurred at a railway crossing in a collision of a freight train of the Southern Railway Company and the automobile in which plaintiff's intestate was riding, and is alleged to have been caused by the joint and concurrent acts of negligence of the defendants in the particulars named in the complaint. These allegations substantially charge the defendants with negligence in the construction and maintenance of the railway crossing, with the failure to keep the roadbed in repair, and the right-of-way of the railway company adjacent to the crossing free from bushes which obstructed the view of the crossing, with the failure to provide proper signs and maintain suitable safeguards and warnings at the crossing, the operation of the train at an unlawful high rate of speed, failure to ring the bell or blow the whistle, as required by the South Carolina statute (Code, S.C.1932, §§ 5832, 8355, 8356, 8430, 8448), and that the engineer in charge of the train, and other servants of the railway company, including the resident defendant, Dan Tinkler, the roadmaster of the railway company, were incompetent and unfit for the performance of the duties assigned to them. It will be observed that some of the particulars charge delicts against both defendants, some allege failure of due care against the railway company alone, and some charge only the resident defendant with negligence, but the plaintiff says in his complaint that all the particular acts of negligence recited therein were joint acts of negligence and combined and concurred with each other to directly and proximately cause the death of plaintiff's intestate.

It is the contention of the Southern Railway Company that the complaint states a joint cause of action against both defendants, but, by reason of the specifications of negligence charged solely against the railway company, it also states a separate cause of action against the Southern Railway Company, and that it follows that there is a separable controversy between it and the plaintiff within the meaning of the removal statute, and bases this contention upon certain decisions of the South Carolina Supreme Court.

It has been well settled: That where the liability of defendants as set forth in the pleadings is joint, or joint and several, then the controversy is not separable as a matter of law; that when concurrent negligence is charged the controversy is not separable; that the plaintiff's purpose in joining the resident defendant is immaterial because his motive in the performance of a lawful act cannot be questioned; that the defendant has no right to say that an action shall be separable, which the plaintiff elects to make joint, and cannot prevent a plaintiff from prosecuting his suit to a final determination in his own way; that an action for tort which might have been brought against many persons, or against any one or more of them, and which is brought in the state court against all jointly, contains no separable controversy which will authorize its removal by some of the defendants to the federal court; that the cause of action is the subject matter of the controversy, and that it is, for the purpose of the suit, whatever the plaintiff declares it to be in his pleadings; that a separate defense may defeat a joint recovery, but it cannot deprive the plaintiff of his right to prosecute his suit in his own way, nor does it give the defendant any right to remove the suit; the fact that a judgment in the action may be rendered against a part of the defendants only does not divide a joint action in tort into separate parts any more than it does a joint action on contract. Lynes v. Standard Oil Co. (D.C.S.C.) 300 F. 812, and cases cited therein; Martin v. Norfolk & W. Ry. Co. (C.C.A.4th) 43 F.(2d) 293.

Plaintiff has elected to stand upon the allegations in his complaint that the specifications of negligence detailed therein were joint and concurrent acts of the defendants, and that they combined and concurred with each other to directly and proximately cause the death of plaintiff's intestate. Plaintiff has the right to sue the defendants as joint tort-feasors, and, if he has a good cause of action against them, as such he is entitled to present his case upon such joint cause of action as is alleged in his complaint. As was said by Judge H. H. Watkins in an unpublished opinion dated October 2, 1931, in the case of T. B. Wicker v. Southern Railway Company, et al:[1] "This court may not pass upon the sufficiency of the allegations as upon demurrer since we are limited solely to the question of jurisdiction. If it should be held by the State Court that the allegations are not sufficient to sustain the charge of joint liability, it would be the prerogative of the State Court to dismiss upon demurrer and not the prerogative of this court. So far as the Federal Court is concerned, the plaintiff has elected to say 'I am founding my action against two joint tort-feasors, one of whom is a resident of the same State as myself, and I do not choose to proceed against the defendants for any several liability. All the acts complained of were and are joint and concurrent.' The South Carolina decisions cited by the defendant, Southern Railway Company, tend to sustain rather than controvert the contention that the cause is not removable. It has been held in several cases in South Carolina that while joint and several causes of action may be jumbled in the same complaint, plaintiff will be required to elect upon which he will proceed. In the case of McKenzie v. Railway Company, 113 S.C. 453, 102 S.E. 514, it is held that joint tort-feasors cannot be sued both separately and jointly. In the case of Martin v. Hines, 150 S.C. 210, 147 S.E. 870, this doctrine was recognized but a judgment was allowed to stand in a case in which the defendants were sued both jointly and severally because there had been no motion requiring plaintiff to elect under which cause of action he would proceed. The instant case is one in which certain of the acts of negligence are alleged to have been committed by the defendant Schumpert, agent of his co-defendant, and it is plain that certain other acts of negligence are acts for which the railroad alone was responsible. The theory of the complaint, however, is that all these separate acts of negligence were cooperative causes leading to the result. See Pendleton v. Colum-

---

[1] No opinion for publication.

bia Railway, Gas & Electric Co., 132 S.C. 507, 510, 128 S.E. 711, and the same case later reported in 133 S.C. 326, 131 S.E. 265. The case of Martin v. Norfolk & Western Railway Co., 43 F.(2d) 293, recently decided by the Circuit Court of Appeals for the Fourth Circuit, we think, is conclusive of the question here presented and requires that the cause be remanded. This case is binding upon this court unless and until reversed by the Supreme Court."

The theory of the complaint in the Wicker Case is the same as the theory of the complaint in the cause I now have under consideration. Therefore, when I test the matter before me by applying the principles announced in the opinion in that case, and those declared in the other decisions I have cited, I am forced to the conclusion that there is no separable controversy between the plaintiff and the Southern Railway Company within the meaning of the removal statute (Jud.Code § 28, 28 U.S.C.A. § 71).

The cause was removed to the federal court also upon the ground of fraudulent joinder. It is true that the right of removal cannot be defeated by a fraudulent joinder of a resident defendant who is a citizen of the same state as the plaintiff, but there has been no serious contention or argument upon this ground, and I find no evidence in the record to sustain it.

For the foregoing reasons the motion to remand is granted, and counsel may present an order in accordance with the views expressed in this opinion.