**BAGWELL v. SOUTHERN RY. CO. et al.**

District Court, W. D. South Carolina,
Spartanburg Division.

Jan. 5, 1938.

752

Perrin & Tinsley, of Spartanburg, S. C., for plaintiff.

DePass & DePass, of Spartanburg, S. C., for defendant Southern Ry. Co.

Donald Russell, of Spartanburg, S. C., for defendant Charleston & Western Carolina Ry. Co.

WYCHE, District Judge.

This matter is before me on plaintiff's motion to remand the case to the court of common pleas for Spartanburg county from whence it was removed by the petition of the nonresident defendant Southern Railway Company on the grounds of separable controversy and fraudulent joinder.

The action is one for damages for the death of plaintiff's intestate, which occurred at a railway crossing of the resident defendant Charleston & Western Carolina Railway Company as a result of the collision of an automobile, in which plaintiff's intestate was riding, with a box car driven by a shifting engine of the Southern Railway Company.

The allegations of negligence pertinent to this motion charge the Southern Railway Company with causing its engine to approach the railway crossing without lights, without giving the statutory signals or any other warning, and without flagging the crossing. They charge the Charleston & Western Carolina Railway Company with failure to maintain a watchman at the railroad crossing, with permitting the use of its railroad tracks at the crossing by its codefendant without sounding any warning or giving any notice of the approach of its engine, with failure to maintain and operate gates at the crossing, with permitting the Southern Railway Company to use its tracks without requiring it to flag the crossing with a lighted lantern to warn the public of the approach of its engine. The complaint alleges that these "joint and several acts and omissions of the defendants were the direct and proximate cause of the injuries to and the death of plaintiff's intestate."

The removing defendant contends that the complaint alleges that the acts and omissions of the defendants which were the proximate cause of the injuries to and death of plaintiff's intestate are several, and that there is in the complaint no facts alleged of any joint and concurrent acts of negligence on the part of both defendants causing and bringing about plaintiff's intestate's injuries and death, and that it follows that there is a separable controversy between it and the plaintiff within the meaning of the removal statute. 28 U.S.C. A. § 71 et seq.

It has been well settled: That where the liability of defendants as set forth in the pleadings is joint, or joint and several, then the controversy is not sep-

arable as a matter of law; that where the complaint in an action of tort, reasonably construed, charges concurrent negligence, the controversy is not separable, the question is to be determined by the condition of the record in the state court where the removal petition is filed; that the plaintiff's purpose in joining the resident defendant is immaterial because his motive in the performance of a lawful act cannot be questioned; that the defendant has no right to say that an action shall be separable, which the plaintiff elects to make joint, and cannot prevent a plaintiff from prosecuting his suit to a final determination in his own way; that an action for tort which might have been brought against many persons, or against any one or more of them, and which is brought in the state court against all jointly, contains no separable controversy which will authorize its removal by some of the defendants to the federal court; that the cause of action is the subject matter of the controversy, and that it is, for the purpose of the suit, whatever the plaintiff declares it to be in his pleadings; that a separate defense may defeat a joint recovery, but it cannot deprive the plaintiff of his right to prosecute his suit in his own way, nor does it give the defendant any right to remove the suit; the fact that a judgment in the action may be rendered against a part of the defendants only does not divide a joint action in tort into separate parts any more than it does a joint action on contract. Forrest v. Southern Ry. Co. et al., D.C., 20 F.Supp. 851.

▮ It has also been decided that the question as to whether the complaint alleges a joint or several liability is to be determined by the local law. Jennings v. Southern Ry. Co. et al., D.C.S.C., 40 F.2d 951; Chesapeake & O. R. Co. v. Cockrell, 232 U. S. 146, 34 S.Ct. 278, 58 L.Ed. 544; Chicago, R. I. & P. R. Co. v. Dowell, 229 U.S. 102, 33 S.Ct. 684, 57 L.Ed. 1090.

▮ The Supreme Court of South Carolina has decided: That the liability arising from torts committed by two or more is joint and several in its nature, resembling a joint and several liability; that if a tort is such that it may be committed by two or more persons in combination, the injured party may sue all wrongdoers, or any number of them, or bring separate action against each one or any part of the whole; that, if, in contemplation of law, a single tort cannot be committed by two or more together, and can only be a different tort by each, a separate action must be brought against each wrongdoer; that a single injury, which is the proximate result of separate independent acts of negligence of two or more parties, subjects tortfeasors, even in the absence of community of design or concert of action, to liability which is both joint and several; that joinder of two or more alleged wrongdoers as parties defendant in one action implies an election to treat the injury as a joint tort, and recovery upon theory of a joint liability involves relinquishment of right in that action to raise a separable controversy with any one defendant. Pendleton v. Columbia Railway, Gas & Electric Co. et al., 133 S.C. 326, 131 S.E. 265. See, also, Pomeroy Remedies and Remedial Rights, 2d Ed. § 281.

In Cooley on Torts, 3d Ed. page 247, the rule is thus stated: "The weight of authority will, we think, support the more general proposition that, where the negligence of two or more persons concur in producing a simple, indivisible injury, then, such persons are jointly and severally liable, although there was no common duty, common design, or concert of action."

In 26 Ruling Case Law, 764, the rule is stated in the following words: "There is a class of cases in which the defendants are jointly and severally liable, although they are several and not joint tort-feasors, as where there is no concert of action or unity of purpose, but the acts are concurrent as to place and time, and unite in setting in operation a single destructive and dangerous force which produces the injury. * * * If their acts are separate and distinct as to place and time, but culminate in producing a public nuisance, which injures the person or property of another, they are jointly and severally liable."

▮ It is true that the complaint does not in terms state that the negligent acts alleged concurred to produce plaintiff's intestate's death, but in my view of the case such an allegation is not necessary to prevent removal on the ground of separable controversy. It is sufficient if the complaint, reasonably construed, charges concurrent negligence. It is the controversies, disclosed by the facts pleaded in the complaint, not the legal conclusion the pleader alleges results from those facts, nor his averment of joint liability or joint action, nor his prayer for relief, that deter-

mine whether or not the controversies alleged by the complaint are separable. City of Winfield v. Wichita Natural Gas Company, 8 Cir., 267 F. 47, 52.

In joining the two defendants in the action the controlling theory of the complaint is that the several negligent acts cooperated to produce plaintiff's intestate's death; the allegations of the complaint lead to the conclusion that the several acts of negligence concurred to cause or contribute to his death. The acts of negligence alleged in the complaint are concurrent as to place and time; they united in setting in operation the collision which produced the injury.

No express cause of action is formally alleged against either of the defendants, and the whole amount of the damages alleged to have been sustained is sought to be recovered against both defendants.

For the foregoing reasons it is my view that the complaint states a case of joint liability, and that there is no separable controversy between the plaintiff and the Southern Railway Company within the meaning of the removal statute.

The cause was removed to the federal court also upon the ground of fraudulent joinder. It is true that the right of removal cannot be defeated by a fraudulent joinder of a resident defendant who is a citizen of the same state as the plaintiff, but there has been no serious contention or argument upon this ground, and I find no evidence in the record to sustain it.

For the foregoing reasons, the motion to remand is granted.