**DANIEL v. BURDETTE et al.**
No. 2716.

District Court, W. D. South Carolina.
Aug. 13, 1938.

Dobson & Dobson, of Gaffney, S. C., for plaintiff.

Wyche & Burgess, of Greenville, S. C., for defendant Lloyds America.

WYCHE, District Judge.

Plaintiff brought this action against the defendants in the Court of Common Pleas for Cherokee County, South Carolina, for damages for the alleged wrongful death of her intestate husband. The defendant, Lloyds America, by its petition removed the suit to this court on the ground of separable controversy. Within due time plaintiff filed her traverse to the petition for removal in which it is claimed substantially that there are allegations of joint acts of negligence and wilfulness on the part of the defendants so as not to present a separable controversy, and that by reason of Section 487, Code of Laws of South Carolina, 1932, as amended by Act No. 287, 39 Statutes, 406, defendants may be joined in the same action and their liability shall be joint and concurrent. The matter is now before me on plaintiff's motion to remand upon the grounds set out in her traverse and upon the further ground, "That the defendants are sued for personal injury, founded upon tort, and both defendants are liable, either as principal or surety."

Plaintiff's intestate was killed while driving a Ford truck which collided with a tractor and trailer owned by the defendant H. P. Burdette, and parked by the defendant Sam West on the highway leading from Gaffney to Spartanburg. His death is alleged to have been caused by the acts of negligence and wilfulness of the defendants H. P. Burdette and Sam West, and the defendant tractor and trailer, in the particulars named. The complaint further alleges that, as required by sections 8507 to 8524, 1932 South Carolina Code, the defendant, Lloyds America, filed with the proper officer of the State of South Carolina its liability and property damage insurance and surety bond on the basis of which the defendant H. P. Burdette, obtained a certificate and license from the South Carolina Public Service Commission to operate as a carrier of persons and

property for hire; that the bond was conditioned to insure and indemnify passengers and the public receiving personal injuries or death by reason of any act of negligence of the said H. P. Burdette, his agents or servants, in driving said tractor and trailer, to the extent of Five Thousand Dollars ($5,000), and that by reason of such contract, the defendants, Lloyds America and H. P. Burdette, are jointly liable to plaintiff to the extent of Five Thousand Dollars ($5,000). Plaintiff seeks judgment against the defendant in the sum of Fifty Thousand Dollars ($50,000) actual damages.

The Legislature of South Carolina, obviously for the purpose of preventing the removal of causes of action like the instant case to the federal court under the removal statute and the decisions construing the same, amended section 487, Code of Laws of South Carolina, 1932, by providing as follows: "In all cases where it is now or hereafter provided by law that * * * insurance must be given by a principal * * * as insurance against personal injury founded upon tort, the principal and his surety, * * * may be joined in the same action and their liability shall be joint and concurrent." Acts South Carolina, 1935, 39 Statutes, 406.

Prior to the enactment of this amendment the Supreme Court of South Carolina had already decided that the joinder of defendants in such cases was permissible and proper where the damages sought were for negligence only, and not in excess of the policy limits. Piper v. American Fidelity & Casualty Co., 1930, 157 S.C. 106, 154 S.E. 106; Benn v. Camel City Coach Company, 162 S.C. 44, 160 S.E. 135; Thompson v. Bass, 167 S.C. 345, 166 S.E. 346. It had, however, been decided by the federal courts that the action against the insured carrier and his participating agents was an action sounding in tort, while that against the insurance company was an action in contract, and that while these causes of action may be joined in one complaint they were separate and distinct and proceeded along different lines, and, notwithstanding, that the issues may be joined in one action the controversy as to the insurance company was separable and entitled it to removal to the federal court. 28 U.S.C.A. § 71; Mecke v. Valleytown Mineral Company, 4 Cir., 93 F. 697; Manufacturers' Commercial Company v. Brown Alaska Company, C.C., 148 F. 308; Stimson v.

United Wrapping Machine Company, C.C., 156 F. 298; Murray v. Southern Bell Tel. & Tel. Company, D.C., 210 F. 925; James Ferry, Inc., v. John R. Wiggins Co., D.C., 287 F. 421; Branchville Motor Company v. American Surety Co., D.C., 27 F.2d 631; Stewart v. Nebraska Tire & Rubber Company, 8 Cir., 39 F.2d 309, certiorari denied 282 U.S. 840, 51 S.Ct. 21, 75 L.Ed. 746; Shaw v. Dunlap et al., unreported opinion of Judge H. H. Watkins (D.C.S.C.) filed April 9, 1933.

The theory on which joinder was said to be permissible in such cases, as announced in the Piper, Benn and Thompson Cases, supra, was that under the applicable code provisions the liability arose "out of the same transaction" and "affected * * * all the parties to the action" (154 S.E. pages 109, 110.) It was expressly held in that line of cases, and the statute so declared, that in order for such causes of action to be joined it "must affect all the parties to the action". In the Piper Case, supra, the Supreme Court of South Carolina sustained a demurrer to the complaint because in that case plaintiff sought to recover a judgment against the insurance carrier for $25,000 damages, and its policy was limited to only $5000. The State Supreme Court, in that case, said:

"It seems clear that, as to so much of the plaintiff's cause of action as was based upon the negligence of the bus company, the plaintiff is necessarily limited to the amount of the policy, and the excess up to the amount sued for $25,000 does not at all 'affect' the insurance company.

"It seems equally clear that the insurance company under the statute and under the contract of insurance was liable only for such damages as resulted from the negligence of the insured; it was not at all concerned in the plaintiff's cause of action for punitive damages, and was not therefore 'affected' in the slightest degree thereby."

Section 487 of the Code, as amended by the foregoing amendment, still provides: "But the causes of action, so united, * * * *must affect all the parties to the action* * * *." (Italics added). So that section 487 of the code, as amended, pertinent to this controversy, is now as follows: "In all cases where it is now or hereafter provided by law that * * * insurance must be given by a principal * * * as insurance against personal injury founded upon tort, the principal and

his surety, * * * may be joined in the same action and their liability shall be joint and concurrent. * * * *But the causes of action, so united, * * * must affect all the parties to the action * * *.*" (Italics added).

■ The amended statute, so far as it relates to the joinder of the parties in the same action, is merely declaratory of the law as it had already been decided by the State Supreme Court in construing section 487 before its amendment. As to the remaining portion of the statute, as amended, it makes joint and concurrent an action against an insured carrier and the insurance company where the damages sought are for negligence only and not in excess of the insurance policy limits. Piper v. American Fidelity & Casualty Co., supra; Benn v. Camel City Coach Company, supra; Thompson v. Bass, supra; Bennett v. Spartanburg Ry., Gas & Electric Co., 97 S.C. 27, 81 S.E. 189.

So much of plaintiff's cause of action as is based upon the negligence of H. P. Burdette is limited as against the insurance company to the amount of the policy, $5,000, and the excess of the amount sued for, $50,000, does not at all affect the insurance company. Likewise under the statute and its contract of insurance Lloyds America is liable only for such actual damages as resulted from the negligence of H. P. Burdette up to the extent of its policy of $5,000. It is not concerned with, or affected by plaintiff's cause of action for damages for $50,000, based upon the wilfulness and negligence, of H. P. Burdette, Sam West and the tractor and trailer.

■ Prior to the passage of the amendment the insured was liable to a person injured solely in tort, and the insurance company solely in contract, and now, although the statute as amended permits a joinder of such causes of action and declares that their liability when so joined pursuant to its provisions shall be joint and concurrent, it does not change the essential nature of that liability. The carrier is still liable in tort and the insurance company in contract. There is nothing in section 487 of the Code, as amended, or any other state statute, which declares that the liability of the insured carrier shall be in contract by reason of his having taken out the insurance policy for the benefit of the public. It is clear, there-

fore, that plaintiff could not state a joint cause of action against the defendants H. P. Burdette and Lloyds America upon the policy of insurance in question, because Burdette, under the South Carolina statute and cases, is not liable under any circumstances in contract. The cause of action, therefore, in contract is stated solely against the defendant Lloyds America for $5,000, and the only cause of action stated against Burdette is one in tort for $50,000. The fact that under the state statute plaintiff has a right to unite the causes of action in a single suit is not alone sufficient to affect the right granted to the defendant insurance company by the laws of the United States to remove the controversy to the federal court. 28 U.S.C.A. § 71; Hilton v. Southern Railway Co., D.C.S.C.1937, 21 F.Supp. 17. Had the plaintiff limited her demand against Burdette to the insurance policy limits, and for negligence only, the case would unquestionably not be removable, because the amended statute in such event would make the cause of action joint and concurrent. But where the plaintiff seeks to recover from the insured defendant a greater sum of money than the policy limits and for wilfulness, the causes of action do not affect all the parties, and, in this respect, fall short of the statutory requirements.

■ It is, therefore, my opinion that section 487, Code of Laws of South Carolina, 1932, as amended, makes joint and concurrent an action against an insured carrier and the insurance company where the action is for negligence and brought against the insured and insurer for an amount not in excess of the policy limits, and in such event a separable controversy is not stated; but where the damages sought are for wilfulness and negligence or in an amount greater than the policy limits the action is not joint and a separable controversy is presented. The amount sought in this action to be recovered against the insured carrier is for wilfulness as well as negligence and is for more than the policy limits, and the controversy as to the insurance company is, therefore, separable.

The diversity of citizenship and jurisdictional amount being present in this case, for the foregoing reasons, the motion to remand must be and is denied.

Counsel may present an order in accordance with the views herein expressed.