**James R. JACKS and Erskine A. Jacks, Partners, doing business as Jacks Dairy, Plaintiffs,**

**v.**

**The TORRINGTON COMPANY, Inc., a corporation, and Robert S. Wassung, Defendants.**

**Civ. A. No. 66–115.**

United States District Court
D. South Carolina,
Greenville Division.

July 21, 1966.

Thomas A. Babb, Laurens, S. C., William T. Jones, Greenwood, S. C., and William E. Chandler, Jr., Greenville, S. C., for plaintiffs.

Rainey, Fant & Horton, Greenville, S. C., for defendants.

HEMPHILL, District Judge.

The interesting chronology of events is here complemented by the proposed change in the pleading. After defendants had attacked the original complaint in petition for removal and motions plaintiffs, for the first time, seek to amend. This court expressed its purpose to allow the amendment under Rule 15(a), Federal Rules of Civil Procedure. Plaintiffs have not questioned right of removal, based on proper jurisdiction, existed if plaintiffs had sued Torrington alone. Plaintiff contended, however, the original complaint alleged against joint tort feasors. The court first examines that complaint.

In paragraph 6 of the original complaint plaintiff, complaining of pollution to North Creek,[1] states the water was of clear and wholesome qualities "except for its pollution by the acts of defendants". Thereafter in paragraphs 7, 8, 9, 10, 11, and 12 the target is exclusively Torrington, except for an allegation that Wassung as a "responsible representation of defendant company * * * negligently and carelessly delayed in reporting the matter [called to his attention] to the defendant company until after much harm and injury to the cattle of plaintiff's

---

1. Plaintiffs claimed damage to cows as a result of the pollution of North Creek which poisoned them as they drank therefrom while on plaintiffs' property.

dairy herd. * * *" Paragraph 13 alleges negligence and carelessness on part of Wassung, and negligence, carelessness, recklessness, willfulness and wantonness on the part of Torrington, seeks $92,030.00 actual damages of both, $100,000 additional punitive damages of Torrington. It will thus be seen that plaintiffs charge only Torrington with willfully maintaining a nuisance and polluting the stream.[2]

> *Para. 11.* "* * * called the matter to the attention of * * * Wassung, * * * but said defendant negligently and carelessly delayed reporting the matter to defendant company * * *."

> *Para. 13.* "* * * as a direct and proximate result of the negligence and carelessness of * * * Wassung and * * *."

> *PRAYER.* Only *actual* damages are demanded against Wassung.

Plaintiffs' motion(s) of March 15, 1966 seeking (1) leave to amend the complaint, and (2) remand of the cause to the Court of Common Pleas for Laurens County, South Carolina,[3] precipitated hearing at Greenville April 1, 1966. Previously, seeking removal, on February 14, 1966 defendants had filed Petition and Bond, alleging in the former that the complaint, if it alleged a cause against defendant Wassung, pursued one entirely separate and independent from the claim which the plaintiffs assert against Torrington; further, that Wassung was "im-

properly and fraudulently joined as a defendant in the action for the sole purpose of attempting to prevent the Petitioner, the Torrington Company, Inc., from removing the action. * * *" On the same day defendant Torrington noticed motions: (1) for an order requiring that the complaint be made more definite and certain by stating separately claims for relief against Torrington and Wassung; or (2) if that motion were denied, for an order stating certain complaint matter accused as irrelevant, redundant, immaterial, etc.

Generally the right of removal is decided by the pleadings, viewed as of the time when the petition for removal is filed.[4] Therefore, if defendants were entitled to removal on February 14, 1966, an amendment allowed to plaintiff at a later date would not force remand.[5] It therefore appears defendants' rights of removal under applicable statute[6] is the crux of this proceeding, as the right of removal is purely statutory.

Plaintiffs' claim against Torrington is for creating a nuisance and for negligently, carelessly, recklessly, willfully and wantonly polluting and contaminating a stream passing through plaintiffs' property and seeks separate and independent punitive damages against Torrington alone above and beyond the actual damages otherwise claimed.

> *Para. 7.* "* * * Torrington Company, Inc. increased to full production."

> *Para. 8.* "* * * said company negligently, carelessly, reck-

---

2. See plaintiffs' Complaint.

3. The cause of action originated in Laurens County Court of Common Pleas on January 26, 1966.

4. Wright, Federal Courts § 39 at 114 (1963).

5. Id.

6. 28 U.S.C. § 1441(a) Actions removable generally. Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be re-

moved by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

* * * * *

(c) Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

lessly, willfully and wantonly * * *."

*Para. 9.* " * * * defendant company's pollution and contamination * * * as aforesaid constituted a nuisance."

*Para. 10.* " * * * as a direct and proximate result of defendant company's maintenance of said nuisance and its negligent, careless, reckless, willful, and wanton conduct * * * in polluting and contaminating said waters * * *."

* * * *

*Para. 12.* " * * * Defendant company gained knowledge * * * Defendant company negligently, carelessly, recklessly, willfully, and wantonly continued to pollute * * *."

*Para. 13.* " * * * as a direct and proximate result of the negligence and carelessness of * * * Wassung, and the negligence, carelessness, recklessness, willfulness and wantonness of * * * Torrington * * *, all to plaintiffs' damage in the sum of * * * ($92,-030.00) Dollars actual damages against both defendants and * * * ($100,-000.00) Dollars punitive damages against * * * Torrington * * *."

*PRAYER.* Punitive damages are demanded from Torrington only.

▪ A claim against a party for punitive damages arising from reckless or willful conduct is entirely separate and apart from a claim for actual damages arising from mere negligence.[7]

▪ Where such a separate and independent claim is brought against a defendant who could have established diversity jurisdiction if sued alone, the entire action has previously been held removable in our South Carolina District Courts.[8]

▪ Thus, there being a separate and independent claim or cause of action asserted against Torrington which was removable had Torrington been sued alone, then clearly the action was properly removed under Section 1441(c).

Authorities cited by plaintiffs are not in conflict.[9] The *Forrest* and *Bagwell* cases involved joint and concurrent acts of negligence with the whole amount of damages sought being allegedly due to the concurrent negligence of both. Such is not the situation as between plaintiffs' claims against Wassung and plaintiffs' claims against Torrington.

Defendants also removed upon the ground of improper and fraudulent joinder of Wassung. The issue is one of fraud in a legal sense and in no way involves the integrity of plaintiffs or the professional conduct of their counsel. The issue is, rather, whether the futile joinder of a party against whom no valid claim for relief is stated will be permitted to defeat diversity jurisdiction which would otherwise exist against the remaining defendant.

The complaint against Wassung is set forth in Paragraph 11 of the original complaint:

That beginning in the early part of the year 1963 Plaintiffs became aware of the fact that the cattle of their dairy herds were becoming diseased and poisoned by Defendant company's pol-

---

7. Piper v. American Fidelity & Casualty Co., 157 S.C. 106, 154 S.E. 106 (1930); Clarke v. City of Greer, 231 S.C. 327, 98 S.E.2d 751 (1957).

8. Daniel v. Burdette, 24 F.Supp. 218 (W.D.S.C.1938); Hilton v. Southern Ry., 21 F.Supp. 17 (W.C.S.C.1937).

9. Bagwell v. Southern Ry., 21 F.Supp. 751 (W.D.S.C.1938); Forrest v. Southern Ry., 20 F.Supp. 851 (W.D.S.C.1937).

lution and contamination of the waters of North Creek, as aforesaid, and they called the matter to the attention of the Defendant, Robert B. Wassung, who held himself out to Plaintiffs as a responsible representative of Defendant company, but said Defendant negligently and carelessly delayed reporting the matter to Defendant company until after much harm and injury to the cattle of Plaintiff's dairy herd had occurred.

■ Should these allegations not constitute a valid claim for relief against Wassung then he is not a proper party; there is no basis for his joinder; and such a joinder to prevent removal would in law amount to a legal fraud upon the defendants.[10]

■ For a valid claim for relief to lie against Wassung, there must be sufficient allegations to establish a legal duty on the part of Wassung to plaintiffs to report to his company the information they alleged he received and there must be a violation of that legal duty.[11]

The existence of a legal right and of a legal duty corresponding to such right are essential elements of a cause of action. The cause of action itself cannot exist without the concurrence of a default and of a right and duty.[12]

*　*　*　*　*　*

However, the mere refusal of a person to do what he is not legally bound to do is not actionable. Those duties which are dictated merely by good morals or by humane considerations are not within the domain of the law. In this respect, it has been held that the duty to protect against wrong is, generally speaking and excepting certain intimate relations in the nature of a trust, a moral obligation only, not recognizable or enforced by law.[13]

*　*　*　*　*　*

Like any other employee, the liability of the agent is based on the duty which he himself owes to the third person, and in most jurisdictions now, this duty is recognized as the test of liability, rather than any distinction based upon whether the act is a misfeasance, malfeasance, or nonfeasance. Pursuant to this test of liability, an employee is liable to a third person for injuries resulting from the breach of any duty which the employee owes directly to such third person, and is not liable to a third person for injuries resulting from a breach of duty which the agent owes only or solely to his employer.[14]

■ The fact that Wassung is alleged to be "a responsible representative" of the company imposes no legal duty to the plaintiffs on his part to report to the company information or complaints plaintiffs made to him. Wassung's legal responsibilities were to his e ployer and created no legal right in the plaintiffs. No facts are alleged imposing any legal duty on the part of Wassung to the plaintiffs to report or transmit any information plaintiffs might see fit to give him regardless of the nature of the information. By way of illustration, suppose plaintiffs gave Wassung false information. What duty to the plaintiffs would Wassung violate by failure to report it? To assume that the information might be true does not change the nature of the relationship. Wassung's legal duties to make reports to his employer, if any he had, were to his employer and not to the plaintiffs. Plaintiffs complain only of Wassung's failure to promptly pass on certain information they allegedly gave him, concerning damages which had allegedly already occurred. The complaint alleges no act or delict on his part bringing about the injury they allegedly reported to him.

10. Toadvine v. Cincinnati, N. O. & T. P. Ry. Co., 20 F.Supp. 226 (E.D.Ky.1937).

11. See 52 Am.Jur., Torts §§ 10–13 (1944).

12. 52 Am.Jur., Torts § 10 (1944).

13. 52 Am.Jur., Torts § 13 (1944).

14. 3 Am.Jur.2d, Agency § 300 at 661 (1962).

In the absence of allegations setting forth violation of any legal duty to the plaintiffs on Wassung's part his joinder in the action is improper and cannot be allowed to defeat the jurisdiction of this court. Toadvine v. Cincinnati, N. O. & T. P. Ry. Co.[15]

Since the removal to this court was proper at the time of removal, the question remaining is the advisability and effect of plaintiffs' proposed amendments. These amendments [16] materially change the nature and theory of plaintiffs' original action and appear designed to come within the principles set forth in the *Forrest* and *Bagwell* cases had the Complaint been so drawn at the time of removal.

Of moment here is the fact that an amended complaint was tendered, accepted. Except the original fall before the onslaught of defendants, why the amendment? Reason leads to the conclusion that the amendment sought to cure defects fatal to the right to remand.

It is well settled that the continued jurisdiction of a federal court after proper removal will not be allowed to be determined at the whim and caprice of the plaintiff by manipulation of the Complaint by amendment. See Best v. American Nat'l Growers Corp.[17] "If an action is removable as of the time the petition for removal is filed, subsequent action by plaintiff cannot defeat removability." [18]

The original complaint unquestionably asserted that rights of plaintiff under federal statutes had been invaded; and this was sufficient to vest jurisdiction in the federal courts. * * * The case was properly removable, therefore, to the federal court. 28 U.S.C.A. § 1441(a). And the fact that plaintiff subsequently amended his complaint in an attempt to eliminate the federal question did not make remand proper. Under the provision of the old judicial code relating to remand, 28 U.S.C.A. § 80, there was some conflict in the decisions, but the revised code has used language which should remove all controversy and clearly establish the rule that the case is not to be remanded if it was properly removable upon the record as it stood at the time that the petition for removal was filed. 28 U.S.C.A. 1950 Revised Edition, § 1447 (c).[19]

Plaintiffs set forth no grounds to support their motion to amend. However, the rule as to amend-

15. 20 F.Supp. 226 (E.D.Ky.1937).

16. Paragraph 10 of the amended complaint is significant: That the Torrington Company's agent, servant and employee, the defendant Robert B. Wassung, who was then and there at all time involved, serving the manager of its said manufacturing plant, negligently, carelessly, recklessly, willfully and wantonly failed to notify or advise the general public, including the plaintiffs herein, of the chemical substances which were being dumped into the said North Creek in the course of the operation of the defendant Torrington Company's manufacturing plant of which he was the manager, when he knew, or in the exercise of due care would have known that the dumping of such chemical and waste substances into the said North Creek poisoned and polluted it; further, the said defendant, Robert B. Wassung, negligently, carelessly, recklessly, willfully and wantonly failed and refused to do anything for a long period of time to discover the said condition, which he could have discovered by normal, routine and slight inspection; further, the said defendant, Robert B. Wassung, upon learning of the condition negligently, carelessly, recklessly, willfully and wantonly for a long period of time failed and refused to do anything to abate the said nuisance or end the wrongful emptying of poisonous, polluted and contaminated chemical and waste materials into the said North Creek.

17. 197 F.Supp. 170 (E.D.S.C.1961) (Wyche, J.).

18. 1 Barron & Holtzoff, Federal Practice & Procedure § 101 at 464 (1960); See also 76 C.J.S. Removal of Causes § 281 (1952).

19. Brown v. Eastern States Corp., 181 F. 2d 26 (4th Cir. 1950) cert. den. 340 U.S. 864, 71 S.Ct. 88, 95 L.Ed. 631; See also Hazel Bishop, Inc. v. Perfemme, 314 F.2d 399, 5 A.L.R.3d 1031 (2d Cir. 1963).

ments has always been applied liberally when justice so requires. Justice, however, would not appear to require amendments intended for the purpose of seeking to circumvent jurisdiction previously acquired at the time of removal.

It is, therefore, the conclusion of this court that plaintiffs' motion to remand be, and the same is, hereby denied.

Plaintiffs' motion to amend is granted.

And it is so ordered.